IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES P. RIPLEY | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § | CASE NO. 3:19-CV-00577-S |
| | § § | |
| BOK FINANCIAL CORPORATION, and BOK FINANCIAL SECURITIES, INC. | § § § | |
| *Defendants*. | § § | |

# UNOPPOSED
# JOINT MOTION FOR EXTENSION
# OF DISCOVERY DEADLINE AND DISPOSITIVE MOTION DEADLINE
# AND TRIAL
# SET FORTH IN SCHEDULING ORDER [DOC. 007]

Defendant, BOK Financial Securities, Inc., ("Defendant" or "BOKFS")[1] and Plaintiff, Charles Ripley, ("Plaintiff" or "Ripley"), jointly request extension of the Discovery Deadline for ninety (90) days following mediation and Dispositive Motion Deadline for ninety (90) days and the trial of this matter to a time convenient to the parties and the Court.[2]

## Certificate of Conference Local Civil Rule 7.1

1.   Counsel for Defendant met and conferred with counsel for the Plaintiff regarding a motion for extension of the discovery deadline and the dispositive motion deadline. Said conference occurred on January 14, 2020 and thereafter by email.

## The Motion is Jointly Made and Is Unopposed

2.   This motion is jointly made with and is unopposed by Plaintiff.

---

[1] BOK Financial Corporation (the bank holding company) is unopposed to this motion to extend.
[2] Proposed Order at Exhibit 1.

**Grounds for Extension**

As grounds for the Extension, Plaintiff and Defendant state as follows.

3. Plaintiff, Charles Ripley, is an individual current employee of Defendant, BOK Financial Securities, Inc.

4. The Scheduling Order was entered on April 25, 2019. [Doc. 007].

5. Mediation occurred on June 22, 2020 before Judge Horan, after multiple resets. [Doc. 009].

6. Plaintiff's expert disclosures were due on November 22, 2019. Defendant's disclosure of opposing experts was due on December 13, 2019. Rebuttal experts and rebuttal opinions were due on December 21, 2019. [Doc. 007 at p. 2 ¶ 3(c-e)].

7. Discovery was set to close on February 14, 2020. [Doc. 007 at p. 2 ¶ 3(f)].

8. Dispositive Motions were due on March 13, 2020. [Doc. 007 at p. 2 ¶ 3(g)].

9. Pre-trial materials are to be filed by July 20, 2020. [Doc. 007 at p. 3 ¶ 6].

10. The final pretrial conference is scheduled for July 30, 2020. [Doc. 007 at p. 3 ¶ 7].

11. The trial in this matter is scheduled for August 10, 2020. [Doc. 007 at p. 1].

12. The parties, in an effort to avoid discovery expenses sought to schedule mediation immediately after appointment of Judge Horan as the mediator, but due to Judge Horan's schedule the parties were not able to set the mediation as quickly as they requested. Thereafter, due to scheduling difficulties with Judge Horan's schedule, mediation was ultimately reset several times and did not occur until June 22, 2020.

13. In the interim, the COVID pandemic broke out, affecting the ability of the parties to conduct discovery. The parties are and will be engaging in paper discovery,

and will also commence depositions once same can be done safely.  Alternatively, the parties will explore conducting discovery remotely.

14.     Further, Counsel for Defendant had a family matter that arose just in advance of the Thanksgiving Holidays in 2019 that has otherwise engaged Defendant, staying discovery.  Counsel for Plaintiff and Plaintiff graciously and professionally did not disturb Counsel for Defendant during this time.

15.     Lastly, cases of COVID in Texas have increased in the last month, further affecting the parties' ability to safely prepare and prosecute this case post-mediation.

As a result of the foregoing, the discovery and other deadlines originally set forth in the Agreed Scheduling Order and entered by this Court are not achievable by the parties, and need to be re-set and a trial of this matter in August of 2020 is not practicable due to the procedural posture of the matter and COVID-19.

### Joint Request for Extension

16.     Because of the increase in COVID cases in the last few weeks and it being unclear when it will be safe to return to normal practice (or even a facsimile of same), the parties jointly agree to the entry of an extension of the present **discovery deadline** to December 12, 2020 to allow the parties to safely resume discovery, request that Plaintiff disclose experts on or before December 20, 2020, Defendant disclose opposing experts on or before January 20, 2021, rebuttal experts and/or opinions be provided on or before February 5, 2021, expert discovery deadline on or before February 26, 2021, and jointly request that the **dispositive motion deadline** be extended to February 26, 2021,[3] so

---

[3] The parties are aware of Judge Scholer's rule that dispositive motions be filed at least 120 days before trial.  Judge Specific Requirements III (C) (5).  See: http://www.txnd.uscourts.gov/judge/district-judge-karen-gren-scholer.

that the parties may properly and efficiently proceed with the litigation.

17. The parties jointly request that the trial date be continued to a time and date convenient to the Court and the parties following the dispositive motion deadline.

### Proposed Order Granting Extension of Discovery and Dispositive Motion Deadlines and Re-Setting Trial Dates

18. Plaintiff and Defendant have jointly submitted this same date a clean and signed copy of an Order Extending Discovery Deadline in conformity with the above date, with a blank for the re-setting of the trial date to a date convenient to the Court and parties following the dispositive motion deadline to: Scholer_orders@txnd.uscourts.gov. Exhibit 1.

### Compliance with Rules, Local Rules, and Judge Scholers's Judge Specific Requirements

19. This Motion is in compliance with rules, local rules, and Judge Scholer's Judge Specific Requirements. See: http://www.txnd.uscourts.gov/rules-and-orders and http://www.txnd.uscourts.gov/judge/district-judge-karen-gren-scholer.

### Conclusion

Wherefore, the parties respectfully request that this court enter the Order Extending Discovery Deadline and Dispositive Motion Deadline and reset the August 2020 trial date to a date convenient to the Court and the parties submitted concurrently herewith pursuant to the CM/ECF Administrative Guide and Policies and Procedures. Exhibit 1.

Respectfully jointly submitted by,

/s/Erica Anne Dorwart
Erica Anne Dorwart, OBA #18367
John D. Clayman, Texas Bar No. 24066338
FREDERIC DORWART, LAWYERS PLLC
124 East Fourth Street
Tulsa, Oklahoma  74103
Telephone:   (918) 583-9922
Fax:              (918) 583-8251
E-mail:         edorwart@fdlaw.com
                    jclayman@fdlaw.com

Worthy Walker, Texas Bar No. 24033308
SHACKELFORD, BOWEN,
   MCKINLEY & NORTON, LLP
9201 N. Central Expressway, Fourth Floor
Dallas, Texas  75231
Telephone:   (214) 780-1400
Fax:              (214) 780-140
E-mail:         wwalker@shackelford.law

***Counsel for Defendants***


and

/s/ Marilynn K. Lahr (with permission)
Marilyn K Lahr
Law Offices of Marilyn Lahr
3131 McKinney Avenue, Suite 600
Dallas, TX  75204
Telephone:   (214) 335-6464
E-mail:         mimilahr@yahoo.com

***Counsel for Plaintiff (with permission)***

## **CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that on the 24th day of July, 2020 that the undersigned electronically transmitted the forgoing document to the following:

Marilyn K Lahr
Law Offices of Marilyn Lahr
3131 McKinney Avenue, Suite 600
Dallas, TX  75204
E-mail:  mimilahr@yahoo.com

***Counsel for Plaintiff***

                                  /s/ Erica Anne Dorwart
                                  Erica Anne Dorwart