IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES P. RIPLEY | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **CASE NO. 3:19-CV-00577-S** |
| | § | |
| BOK FINANCIAL CORPORATION, and | § | |
| BOK FINANCIAL SECURITIES, INC. | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT BOK FINANCIAL SECURITIES, INC.'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Erica Anne Dorwart, OBA #18367
Admitted to practice in the
Northern District of Texas on May 1, 2018
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
edorwart@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

-and-

Worthy Walker
Texas Bar No. 24033308
wwalker@shackelford.law
SHACKELFORD, BOWEN,
    MCKINLEY & NORTON, LLP
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Telephone:   (214) 780-1400
Facsimile:    (214) 780-1401

ATTORNEYS FOR DEFENDANT

## Table of Contents

I.    Introduction and Summary ....................................................................... 1

II.   Undisputed Statement of Material Facts............................................... 3

    A.    Entities, Personnel and Positions................................................ 3

        1.    Rena Connor Split Commissions and the Workload with Ripley, All Causes of Action ............................................ 4

    B.    Facts within 300 days of the August 13, 2018 Charge of Discrimination (Cause of Action I)................................................ 5

    C.    Ripley is a current employee and cannot establish adverse action based on age ............................................................................ 5

    D.    Lack of Evidence of Discrimination and/or Pre-Text Age Discrimination, (Cause of Action I)................................................ 5

    E.    Lack of Evidence of ADEA Retaliation (Cause of Action I). ....................... 6

    F.    Ripley failed to exhaust administrative remedies for all alleged adverse action after the August 13, 2018 EEOC Charge (Cause of Action I)................................................................................. 7

    G.    Alleged 2012 Oral Promise (Cause of Action II) ......................... 7

III.  Argument and Authorities ....................................................................... 8

    A.    Introduction to Claims ................................................................. 8

    B.    The Applicable Summary Judgment Standard............................ 9

    C.    The ADEA/THRC Claim Must Be Dismissed ........................... 10

        1.    Plaintiff must show comparators were treated differently and cannot do so ................................................... 10

        2.    The Statute of Limitations bars Plaintiff's ADEA claim ................. 10

        3.    Ripley Cannot Establish Adverse Action ....................................... 11

        4.    Ripley cannot establish a hostile work environment based upon age ................................................................ 12

        5.    BOKFS Had a Legitimate Business Reason to Reassign Accounts ................................................................ 13

D.    BOK is Entitled to Summary Judgment on Ripley's Claim for Breach of an Oral Promise ........................................................................ 14

    1.    The Alleged Promise is Not a Contract ......................................... 14

    2.    The alleged contract (an alleged 2012 oral promise) is unenforceable under the Statute of Frauds ................................... 15

    3.    The breach of contract claim is barred by the Statute of Limitations .................................................................................. 16

Conclusion and Prayer for Relief .................................................................. 17

## Table of Authorities

## Cases

Berquist v. Wash. Mut. Bank,
    500 F.3d 344 (5th Cir. 2003) ................................................. 10

Caldwell v. Enterprise Products Co.,
    2016 WL 5372528 (S.D. Tex., Sept. 26, 2016) .................................. 11

Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.,
    698 F. Supp. 2d 730 (S.D. Tex. 2010) ....................................... 11

D.H. Overmyer Co. v. Harbison,
    453 S.W.2d 368 (Tex. Civ. App.--El Paso 1970, no writ) .................... 15

Hackett v, UPS, Inc.,
    736 Fed. Appx. 444 (5th Cir. 2018) ....................................... 12

Hauser v. Schneider Electric Systems USA,
    819 Fed. Appx. 247 (5th Cir. 2020) .................................... 13, 14

Lindsey v. UPS, Inc.,
    2019 WL 3239479 (N.D. Tex., July 17, 2019)............................... 9, 10

Michael v. City of Dallas,
    314 S.W.3d 687, 691 (Tex. App.—Dallas 2010, no pet.) .................... 13

Quick v. Wal-Mart Stores,
    728 Fed. Appx. 396 (5th Cir. 2018) ....................................... 9

Reed v. Neopost USA, Inc.,
    701 F.3d 434 (5th Cir. 2012) ............................................. 13

Seismic Wells, LLC v. Sinclair Companies,
    749 Fed. Appx. 225 (5th Cir. 2018) ....................................... 16

Selenke v. Medical Imaging of Co.,
    248 F.3d 1249 (10th Cir. 2001)............................................ 13

Simms v. Oklahoma ex. Rel. Dep't. of Mental Health & Substance Abuse Srvs.,
    165 F. 3d. 1321 (10th Cir. 1999)......................................... 13

South Hampton Co. v. Stinnes Corp.,
    733 F.2d 1108 (5th Cir. 1984)............................................ 15

Squyres v. Heico Cos., LLC.,
    782 F.3d 224 (5th Cir. 2015) ................................................................ 13

Super v. Wells Fargo Bank, NA,
    2014 WL 12596979 (S.D. Tex., July 10, 2014),
    adopted, 2014 WL 12596560 (S.D. Tex., July 28, 2014)................................ 16

Target Strike Inc. v. Marston & Marston, Inc.,
    524 Fed. Appx. 939 (5th Cir. 2013) ...................................................... 16

Texas Constr. Assocs. v. Balli,
    558 S.W.2d 513 (Tex. Civ. App.--Corpus Christi 1977, no writ) ........................ 15

Uhlir v. Golden Triangle Dev. Corp.,
    763 S.W.2d 512 (Tex. App.--Fort Worth 1988, writ denied)............................. 15

Wang v. Prudential Ins. Co. of Am.,
    439 Fed. Appx. 359 (5th Cir. 2011) ...................................................... 10

## Statutes, Rules & Miscellaneous

Texas Statute of Frauds, §26.01(b)(6) .......................................................... 15

Tex. Civ. Prac. & Rem. Code § 16.051 ........................................................ 16

Texas Commission on Human Rights Act, Tex. Labor Code, §§21.001 et. seq. ............. 9

Tex. Prac. Guide Employment Practice, §§4:300, 317 .................................... 9

BOK Financial Securities, Inc., formerly BOSC, Inc., (hereinafter "BOKFS" or "Defendant"), hereby moves this Court, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.3, to grant summary adjudication in its favor with respect to the two claims alleged by Plaintiff, Charles Ripley ("Plaintiff" or "Ripley"): (i) age discrimination under federal or Texas law, with respect to client account reassignments in early 2018 and (ii) breach of an alleged oral promise from 2012 that Plaintiff's commission rate would never change, which Plaintiff claims was breached in 2013[1].

## I.     Introduction and Summary

Current BOKFS employee Charles Ripley brings forth this dispute based on his work distribution following the resignation of his sales teammate, Rena Connor.

In June 2010, BOKFS hired Plaintiff Ripley as an institutional investment sales officer when Plaintiff was sixty-eight (68) years old. Ex. 1, Ripley Deposition at 121. In 2014, BOKFS successfully teamed Plaintiff with co-worker, Rena Connor ("Connor") to cover client accounts; BOKFS sales officers were compensated via commission. Plaintiff's Federal Complaint ("Complaint") at ¶ 10; Ex. 2 Plaintiff's EEOC Charge (EEOC Charge). On January 4, 2018, Connor resigned. Ex. 3 (Connor Resignation Letter).  In accordance with its duty to customers, BOKFS re-assigned certain accounts previously handled by Ripley and Connor to multiple other institutional investment sales officers as a result of Connor's resignation. Ex. 1 at 160 (Ripley);  Ex. 2 (August 13, 2018 EEOC Charge reference to reassignment to reassignment to other institutional sales officers

---

[1]BOK Financial Corp. is a non-operating bank holding company. Voorhis v. BOK Financial Corp., 2013 WL 5937395, *5-6 (N.D. Okla., Nov. 4, 2013). The Petition states no facts concerning BOK Financial Corp., outside of a description at ¶2.

including Moynihan alleged age of 55 and Wall).  The only facts that Ripley has to support his allegation that reassignment constitutes age discrimination is the mere act of reassignment/transfer of certain accounts.  Petition ¶19; Ex. 1 at 59, 94-95 (Ripley).

Following performance counseling in spring of 2018, Plaintiff filed a charge of age discrimination in August of 2018. Ex. 4, Ripley Counseling Report ("Counseling"); Ex. 2. BOKFS continues to employ Plaintiff in the same position as of the filing of the motion on June 1, 2021. Ex. 1 at 59, 179 (Ripley); Ex. 5, Ripley PeopleNet Job History from PeopleNet.

With respect to his first claim of age discrimination, (i), Plaintiff failed to timely file a claim of discrimination for being teamed with Connor in 2014 and/or for rebalancing the split of commissions between Ripley and Connor, as announced on August 17, 2017; (ii) Plaintiff, a current sales officer, simply cannot establish adverse action to satisfy Plaintiff's prima facie case and certainly cannot meet the high burden of establishing that his age was the but-for reason for any alleged adverse action in violation of the Age Discrimination in Employment Act (ADEA); (iii)  Ripley brought the instant litigation without a basis to do so as Ripley "ha[] no idea what anybody's compensation rate was, on any employee that is a commissioned salesperson." Ex. 1 at 190 (Ripley).

Plaintiff's second claim (breach of contract) that a BOKFS employee, Mr. Meredith Watson ("Watson"), made an oral promise to Plaintiff in 2012 that Plaintiff's commission rate would never change violates both the statute of limitations and the statute of frauds. Ex. 1 at 15.

BOKFS' Motion should be granted for each of the separate and independent grounds discussed below for each respective claim.

## II.    <u>UNDISPUTED STATEMENT OF MATERIAL FACTS</u>

The following material facts are undisputed and entitle BOKFS to summary adjudication as requested in the Motion.   Where a fact pertains only to a particular claim/count of the Petition, BOKFS has indicated the particular claim/count at the beginning of the fact.   Appendix of the exhibits, reference with the brief filed contemporaneously herewith and incorporated by reference.

### A.    *Entities, Personnel and Positions*

(1)    (All Causes of Action) BOKFS (formerly BOSC, Inc.) is a FINRA Registered Broker Dealer.   Ex. 1 at 13.

(2)    (All Causes of Action) BOKFS offered Plaintiff a position as a registered representative in the position of Institutional Investment Sales Officer III on June 30, 2010. Ex. 1 at 13 (Ripley); Ex. 5 (Ripley Job History); Ex. 6 (Ripley Offer Letter); Petition at ¶ 7 [Doc.001, pp. 14-23].   Plaintiff refers to his position as vice president institutional fixed income sales. Ex. 1 at 18 (Ripley).[2]

(3)    (Cause of Action II, Breach of Oral Contract) On June 30, 2010, Ripley entered into a written representative agreement with BOKFS.   Ex. 7 (Ripley Representative Agreement).

(4)    (Cause of Action II) Ripley's Representative Agreement expressly states: This Agreement may be amended or modified only in a writing which specifically references this Agreement. Ex. 7 at ¶5(k).

(5)    (Cause of Action I; Age Discrimination) Ripley was sixty-eight (68) years old when Ripley entered into the Representative Agreement with BOKFS. Ex. 1 at 121 (Ripley).

---

[2] For purposes of the instant Motion for Summary Judgment and Brief in Support, Plaintiff's title is irrelevant.   All parties agree that Plaintiff was an institutional sales officer.

(6)    (All Causes of Action ) BOKFS continues to employ Plaintiff pursuant to the representative agreement as an institutional sales officer to this day.  Ex. 7; Ex 1  at 23 (Ripley); Ex. 5 (PeopleNet Job History).

(7)    (Cause of Action I) Ripley is 78 years old now.  Ex. 1 at 121 ("Ripley")

### 1.    Rena Connor Split Commissions and the Workload with Ripley, All Causes of Action.

(8)    BOKFS hired Rena Connor as a sales assistant in 2011. Ex. 8 (Connor Representative Agreement); Ex. 1 at 16 (Ripley).

(9)    Connor took FINRA's Series 7 examination and passed and became a sales officer no later than March 31, 2011.  Ex. 1 at 19.

(10)   On or about 2013 BOKFS teamed Ripley with Connor to cover accounts as a team, splitting commissions.  Ex. 2 (EEOC Charge); Ex. 1 at 40 (Ripley); Petitiont at ¶13 [Doc. 001 at 13-23].

(11)   Ripley and Connor were the only Richardson investment sales officers who covered accounts as a team and split commissions.  Ex. 1 at 72, 93, 142 (Ripley).

(12)   As of February 1, of 2017, the split of commissions between Ripley and Connor were:

|  | RIP[ley] |  | Rena Connor |  |
|---|---|---|---|---|
| Month | Payout | % of Book | Payout | % of Book |
| 2/1/2017 | 50% | 70% | 50% | 30% |

Ex. 10 (2017-08-17 Announcement of Commission Split).

(13)   On August 31, 2017, Plaintiff's manager, Nick Polyak , announced updates to the split of commissions between Ripley and Connor to balance the split over the year 2017. Ex. 10 (2017-08-17 Announcement of Commission Split).

**B.    Facts within 300 days of the August 13, 2018 Charge of Discrimination (Cause of Action I).**

(14)    On January 4, 2018, Connor resigned. Ex. 3 (Resignation Letter); Complaint at ¶15 [Doc. 001 at 17].

(15)    Ripley's Manager, Nick Polyak, reviewed the accounts previously worked by Ripley and Connor.  Ex. 1 at 73 (Ripley).

(16)    At Manager Polyak's request all of the Richardson institutional sales officer had to submit a few accounts for reassignment following Connor's departure.  Ex. 1 at 83 (Ripley).

(17)    BOKFS re-assigned certain accounts previously handled jointly by Ripley and Connor as a result of Connor's resignation to other investment sales officers.  Ex. 2 (EEOC Charge at narrative un-numbered paragraph 7); Petition at ¶15 [Doc. 001 at 17]; Ex. 1 at 73; Ex. 11 (2018-01-30 Email about account reassignment BOKFS-001823); Ex. 12 at 133, 135-136 (Polyak).

**C.    Ripley is a current employee and cannot establish adverse action based on age.**

(18)    Ripley continues to be a registered representative of BOKFS (institutional sales officer).  Ex. 1 at 59, 179 (Ripley); Ex.13 (Ripley W-2's).

**D.    Lack of Evidence of Discrimination and/or Pre-Text Age Discrimination, (Cause of Action I).**

(19)    Ripley admits that no employee of the firm told jokes about Ripley's age. Ex. 1 at 59 (Ripley).

(20)    Ripley admits that no one at BOKFS did anything to Ripley to express comments related to age discrimination with the exception that, according to Ripley, Ripley was asked by Ripley's manager Polyak when Ripley was going to retire.  Ex. 1 at 60-6.

(21)    Ripley admits that alleged questions about retiring occurred when Ripley's Manager asked Ripley to accept a reduction in commission structure and pay the difference to Connor, Ripley's co-worker, with whom Ripley was splitting commissions. Ex. 1 at 60.

(22)    Ripley alleges that there were approximately fifteen (15) conversations (approximately 2-3 times a year) in which the work retirement was used and which occurred between 2013 and up until the year 2019. Ex. 1 at 60, 61.

(23)    Ripley admits that the word retirement has not been used in conversation with Ripley since 2019. Ex. 1 at 123 (Ripley).

(24)    Ripley is unaware of any writings from Mr. Polyak mentioning the word retirement. Ex. 1 at 62).[3]

### E.    Lack of Evidence of ADEA Retaliation (Cause of Action I).

(25)    See Facts, supra, ¶¶15-17 regarding account reassignment upon resignation of Connor in January of 2018 with whom Ripley had been splitting the book of business and commissions.

(26)    On April 20, 2018, Ripley's Manager met with Ripley regarding performance issues. Ex. 4 (Counseling).

(27)    As an addendum to the April 20, 2018 Counseling of Ripley, Ripley raised alleged age discrimination. Ex. 4 at p. 3/40 (2018-04-20 Counseling).

(28)    Ripley continues to be a registered representative of BOKFS. Ex. 7; Ex 1 at 23 (Ripley); Ex. 5 (PeopleNet Job History).

---

[3] As a current employee, Ripley had unhindered access to his electronic email at BOKFS. Ex. 1 at 12 (Ripley).

### F.    Ripley failed to exhaust administrative remedies for all alleged adverse action after the August 13, 2018 EEOC Charge (Cause of Action I).

(29)    Ripley made only one filing of age discrimination with the EEOC on August 13, 2018.  Ex. 2 (EEOC Charge); Ex. 1 at 66, 94 (Ripley).

(30)    Ripley did not file a charge of discrimination and/or retaliation <u>after</u> 2018-08-13 EEOC Charge No. 450-2018-06417; Ex. 1 at 66, 94 (Ripley).

(31)    In the Complaint, Ripley alleged acts of discrimination (re-assignment of accounts) which occurred after Ripley's filing with the EEOC. Ex. 1 at 66, 93-94 (Ripley); Ex. 14 (2018-11-01 Dismissal and Notice of Right to Sue).

(32)    Ripley continues to be a registered representative of BOKFS (institutional sales officer) with no comparators.   Ex. 5 (PeopleNet Job History); Ex. 1 at 59, 72,93 and 142 (Ripley).

### G.    Alleged 2012 Oral Promise (Cause of Action II).

(33)    On June 30, 2010, Ripley entered into a written representative agreement with BOKFS, expressly stating "[t]his Agreement may be amended or modified only in a writing which specifically references this Agreement." Ex. 7 at ¶ 5(k).

(34)    Ripley testified that in the latter part of 2012, Watson made only an oral promise that Ripley's compensation would never change from the date of the promise until the time of Ripley's retirement. Ex. 1 at 19-21 (Ripley)

(35)    Ripley testified that <u>in the latter part of 2012</u>, Watson only made an oral promise to Ripley that BOSC would pay a ten percent override (10%) for a certain period of time to Connor. Ex. 1 at 14-15, 63-64 (Ripley).

(36)    Ripley expected that the alleged oral promise would last more than a year. Ex. 1 at 20.  Ripley expected that the alleged oral promise would last until retirement. Ex. 1 at

19-21 (Ripley). Ripley alleges that no plans for retirement at the time of the alleged oral promise.  Ex. 1 at 19-21 (Ripley).

(37)    Mr. Watson did not ever promise to pay any kind of split commission with Ms. Connor.   Ex. 1 at 64-53 (Ripley).

(38)    Ripley is not aware of any alleged writing memorializing Watson's alleged 2012 promise other than Ripley's personal notes.  Ex. 1 at 22- 24 (Ripley).

(39)    Ripley's alleged personal notes memorializing the promise were not presented to BOSC/ BOKFS. Ex. 1 at 25 (Ripley).

(40)    There is no writing signed by BOSC/ BOKFS acknowledging and/or agreeing to the alleged 2012 oral promise by Watson. Ex. 1 at 24 (Ripley).

(41)    Ripley alleges that the first breach of the alleged oral promise occurred in 2013 when Connor received a split of commissions.   Ex. 1 at 44, 55-56, 59 (Ripley).

### III.    Argument and Authorities

#### A.    Introduction to Claims.

Plaintiff brings two claims against BOKFS: (i) Cause I, which asserts an ADEA/Texas Commission on Human Rights Act claim of age-discrimination [Petition, ¶¶24-34] and (ii) Cause 2, which asserts a Texas-law based claim of breach of oral contract. Id., ¶¶35-41.

Both claims are fatally defective and should be dismissed on summary judgment.

(1) ADEA/THRC claim: Plaintiff has failed to: (i) establish the requisite "but for" causation nexus; (ii) demonstrate that the suggested comparators [see, Petition, ¶21] were treated differently; (iii) satisfy the applicable statute of limitation; (iv) establish adverse action by BOKF toward Plaintiff; (v) demonstrate the existence of a hostile work

environment; and (vi) disprove BOKFs' legitimate business reason for the reassignment of accounts.[4]

     (2) <u>Texas breach of oral contract claim.</u>  Plaintiff has failed to: (i) demonstrate that a valid oral contract was entered into; (ii) overcome the application of the Texas statute of frauds; and (iii) satisfy the applicable Texas four year statute of limitations.

     Therefore, neither claim can survive summary adjudication.

## B.    *The Applicable Summary Judgment Standard.*

     The Court is, of course, well aware of the applicable summary judgment standards. <u>See</u>, <u>Lindsey v. UPS, Inc.</u>, 2019 WL 3239479, *2-3 (N.D. Tex., July 17, 2019) (Scholer, J.).  Thus, "[w]hen the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense." <u>Id</u>. Further, "[f]actual controversies are resolved in favor of the nonmoving party 'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" <u>Id.</u> Under established summary judgment jurisprudence, Plaintiff's two claims fail as a matter of law.

---

[4]Texas courts have recognized that the Texas Commission on Human Rights Act, Tex. Labor Code, §§21.001 <u>et.</u> <u>seq.</u> (THRC) was meant to be correlated with the relevant federal statute, here the ADEA, and construed accordingly. <u>Quick v. Wal-Mart Stores</u>, 728 Fed. Appx. 396, 397-98 (5th Cir. 2018); <u>Tex. Prac. Guide Employment Practice</u>, §§4:300, 317. Therefore, except as to the issue of legitimate business purpose, <u>see</u>, <u>infra</u>, at arg. C5, this brief will treat both the ADEA and the THRC under the common rubric of ADEA/THRC.

### C.    The ADEA/THRC Claim Must Be Dismissed.

As this Court recognized in <u>Lindsey</u>, the ADEA does not permit mixed-motive actions; in an ADEA case, the plaintiff must establish that age was the "but for" cause of the challenged adverse employment action. <u>Id.</u>, at *3. Where an ADEA claim is based on circumstantial evidence, as is apparently the case here, the familiar <u>McDonnell</u> shifting burden approach applies.[5]  Notably, the <u>McDonnell</u> framework concerns the shifting of the burden of <u>production</u>, not the ultimate burden of <u>persuasion</u>, which remains on the Plaintiff. <u>Id.</u>, *3.  The ADEA/THRC claim must therefore be dismissed.

### 1.    Plaintiff must show comparators were treated differently and cannot do so.

In disparate treatment cases, as here presented, a plaintiff must show nearly identical circumstances for employees to be considered similarly situated. <u>Lindsey</u>, at *5. Ripley has no comparators: no other employees in the Richardson office were splitting commissions like Ripley and Connor.   Ex. 1 (Ripley at 72, 93, 142); Facts ¶32.

### 2.    The Statute of Limitations bars Plaintiff's ADEA claim.

Claims of discrimination and/or retaliation must be filed within 300 days of the alleged unlawful conduct.  Claims not brought within 300 days are time barred. <u>Wang v. Prudential Ins. Co. of Am.</u>, 439 Fed. Appx. 359, 366 (5th Cir. 2011).[6]

---

[5]As this Court observed in <u>Lindsey</u> "[[u]nder the <u>McDonnell Douglas</u> framework, the plaintiff must first establish a prima facie case of age discrimination by showing that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." <u>Id.</u>, <u>quoting</u>, <u>Berquist v. Wash. Mut. Bank</u>, 500 F.3d 344, 349 (5th Cir. 2003) (fns. omitted by the Court).

[6]While there is an exception to the 300 day rule where a plaintiff can establish a course of continuing conduct for a hostile environment claim, the facts do not establish such a claim.  <u>See</u>, <u>infra</u>, at C4.

Ripley complains about rebalancing of shared sales credit with the partner he accepted (Connor) starting in 2013. Within the statute of limitations (the 300 days before the August 8, 2018 EEOC Charge), Ripley complains regarding reassignment of accounts triggered by his partner's (Connor's) resignation. Petition, ¶15.[7]

Ripley has not established any actions of BOKFS which would extend the statute of limitations prior to 300 days before the August 13, 2018 charge. Re-assignment following Connor's resignation was related to Connor's resignation and BOKFS' business needs to cover a book of business previously covered by two employees. The reassignment is a discrete event that will not tie discrimination to an earlier time period. Ex. 12 at 133, 135-136 (Polyak); Facts ¶17.

### 3.    Ripley Cannot Establish Adverse Action.

The Fifth Circuit employs a strict interpretation of the adverse action requirement.

> To qualify as an adverse employment action" an action must be must be an "`ultimate employment decision . . . such as hiring, granting leave, discharging, promoting, and compensating. Interlocutory or mediate'" employment actions that can lead to ultimate employment decisions, are not, themselves, ultimate employment decisions. The Fifth Circuit has held, for example, that "[t]ransferring an employee to a less secure (but otherwise similar) position is obviously an `interlocutory or mediate decision which can lead to an ultimate decision.'"

Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc., 698 F. Supp. 2d 730, 760 (S.D. Tex. 2010) (internal citations omitted).

---

[7]It is unclear whether a 180 day period applies to the THRC, or whether the 300 day period under the ADEA will apply. Caldwell v. Enterprise Products Co., 2016 WL 5372528, *5 (S.D. Tex., Sept. 26, 2016) (180 day period applies). The difference is irrelevant since the claim is barred under the longer statutory period.

Plaintiff is <u>STILL</u> employed by BOKFS and thus suffered has no adverse event or ultimate decision as is required to make out a prima facie case of either discrimination or retaliation.

Plaintiff has no direct evidence that accounts were reassigned based upon age. Ex. 1 at 59, 94-95 (Ripley); Facts at ¶¶29-32. In the absence of direct evidence of discrimination, as in this case, the Court employs the traditional <u>McDonnell Douglas</u> burden shifting paradigm. <u>Lindsay</u>, <u>supra</u>, 2019 WL 3229479, *3.

Ripley has no information regarding other sales' officers' commission rates.   Ex. 1 at 184, 189, 190 (Ripley) and cannot present any admissible evidence to support his age discrimination claim.

Furthermore, Ripley, faces a difficult challenge in establishing discrimination, given the ADEA's "but for" requirement; therefore, Ripley, in claiming age discrimination, must establish by a preponderance of the evidence that BOKFS would not have taken the challenged action, [(i) teaming Ripley with Connor in 2013 to handle accounts jointly and (ii) reassigning accounts following Connor's January 4, 2018], but for Ripley's age.  Ripley has not established the requisite adverse action.

### 4.    Ripley cannot establish a hostile work environment based upon age.

In order to show a hostile work environment, the plaintiff must show that "the incident was sufficiently severe or pervasive to create an abusive environment. <u>Hackett v, UPS, Inc.</u>, 736 Fed. Appx. 444, 450 (5th Cir. 2018) (internal quotations and citations omitted).  He cannot do so in this case. There is no evidence that Ripley was treated less

favorably than others outside of the respective protected class (age). As noted above, Ripley cannot establish the required "but-for" causation on his ADEA claim.

The Court's "role is to prevent unlawful … practices, not act as a super personnel department that second guesses employer's business judgments." <u>Simms v. Oklahoma ex. Rel. Dep't. of Mental Health & Substance Abuse Srvs.</u>, 165 F. 3d. 1321, 1329 (10th Cir. 1999); <u>Selenke v. Medical Imaging of Co.</u>, 248 F.3d 1249, 1261 (10th Cir. 2001).

Ripley cannot make out a prima facie case of discrimination based upon age. Since there are no genuine issues of material fact regarding favorable treatment, the burden does not shift to BOKFS to produce a legitimate business reason for the action itself.

### 5. BOKFS Had a Legitimate Business Reason to Reassign Accounts.

<u>Assuming</u> <u>arguendo</u> that Ripley can establish a prima facie case of discrimination, BOKFS had a legitimate business reason to reassign accounts. BOKFS reassigned accounts following the termination of Ripley's longtime partner, Connor. Ripley has made no connection between the re-assignment of accounts and age. The mere fact of reassignment of some accounts will not support a claim of age discrimination.

Clearly, re-assignment of some accounts upon resignation of a teammate constitutes a legitimate business reason for reassignment of some accounts.[8]

---

[8]"On the ultimate question of causation, the ADEA and the TCHRA diverge a bit. <u>Reed v. Neopost USA, Inc.</u>, 701 F.3d 434, 440 (5th Cir. 2012). 'Under the ADEA, the employee must 'prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' " <u>Squyres v. Heico Cos., LLC.,</u> 782 F.3d 224, 231 (5th Cir. 2015) (quoting <u>Reeves</u>, 530 U.S. at 143, 120 S.Ct. 2097). The TCHRA provides a more relaxed standard, as a plaintiff can show pretext by establishing that "either (1) the reason stated by the employer was a pretext for discrimination, or (2) the defendant's reason, while true, was only one reason for its conduct and discrimination is another motivating factor." <u>Reed,</u> 701 F.3d at 439–40 (quoting <u>Michael v. City of Dallas</u>, 314 S.W.3d 687, 691 (Tex. App.—Dallas 2010, no pet.)). Hauser's claim fails under either approach."

### D.    *BOKFS IS ENTITLED TO SUMMARY JUDGMENT ON RIPLEY'S CLAIM FOR BREACH OF AN ORAL PROMISE.*

Plaintiff Ripley, in conclusory fashion also alleges that BOKFS breached a 2012 oral promise to Ripley starting in 2013. As addressed below, Plaintiff Ripley cannot establish a contract based upon the alleged oral promise for three separate and independent reasons:   (1) Ripley cannot establish that BOKFS made an enforceable oral promise; (2) the alleged promise would violate the statute of frauds; and (3) the alleged promise, if made, was breached so early that a claim on the alleged promise would violate the statute of limitations.

### 1.    The Alleged Promise is Not a Contract.

It is undisputed that there is a written Representative Agreement between Plaintiff and BOKFS.  See, supra, Facts ¶¶ 3, 4.  The Agreement specifically provides that it "may be amended or modified only in a writing which specifically references this Agreement." Ex. 7, at ¶5(k). Plaintiff has not alleged the existence of any written agreement other than the Representative Agreement. He alleges only an oral contract, which, by the terms of the Representative Agreement, is not enforceable. Since the written agreement does

---

Hauser v. Schneider Electric Systems USA, 819 Fed. Appx. 247, fn. 3 (5th Cir. 2020).  As in Hauser, Ripley's claim fails under either analysis.

require that subsequent modifications be in writing, Texas courts would bar admission of extrinsic evidence to establish a subsequent oral agreement.[9]

### 2.    The alleged contract (an alleged 2012 oral promise) is unenforceable under the Statute of Frauds.

Pursuant to the Texas Statute of Frauds, §26.01(b)(6), an agreement which is not to be performed within one year from the date of making the agreement <u>must be in writing</u>.

Ripley alleges alternatively and inconsistently that:

(1) Ripley testified that in the latter part of 2012, Watson for BOSC made an oral promise that Ripley's compensation would never change from the date of the promise until the time of Ripley's retirement. Ex. 1, Ripley at 19-21.

(2) Ripley testified that <u>in the latter part of 2012</u>, Watson only made an oral promise only to Ripley that BOSC would pay a ten percent override (10%) for a certain period of time to Connor. Ex. 1 at 14-15, 63-64 (Ripley).

A breach of contract claim based on either alternative alleged 2012 promise is defective for the following three reasons:

**First**, Ripley's BOKFS Representative Agreement expressly requires that "[t]his Agreement may be amended or modified only in a writing which specifically references this Agreement." Facts ¶ 4.  The oral promise alleged by Ripley does not meet the written requirements of Ripley's Representative Agreement.

**Second**, there was no writing signed by the person [BOKFS] to be charged with the promise in violation of the statute of frauds. Ex. 1 at 22 (Ripley.)

---

[9]<u>Uhlir v. Golden Triangle Dev. Corp.</u>, 763 S.W.2d 512, 516-17 (Tex. App.--Fort Worth 1988, writ denied); <u>Texas Constr. Assocs. v. Balli, 558 S.W.2d 513, 521 (Tex. Civ. App.--Corpus Christi 1977, no writ); D.H. Overmyer Co. v. Harbison, 453 S.W.2d 368, 370 (Tex. Civ. App.--El Paso 1970, no writ); </u>); <u>South Hampton Co. v. Stinnes Corp</u>., 733 F.2d 1108, 1117-18 (5th Cir. 1984) (applying Texas law).

**Third**, either alleged oral promise could not have been performed within one year. Ripley expected the oral promise to last until Ripley retires, whenever that may be.  Ex. 1 at 19-21 (Ripley); Facts at ¶6.

The oral contract claim must therefore be dismissed.

> **3.    The breach of contract claim is barred by the Statute of Limitations.**

Breach of contract claims are subject to a 4-year statute of limitations under Texas law. Seismic Wells, LLC v. Sinclair Companies, 749 Fed. Appx. 225, 232 (5th Cir. 2018); Target Strike Inc. v. Marston & Marston, Inc., 524 Fed. Appx. 939, fn. 7 (5th Cir. 2013). "Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.051.

Ripley was aware of Ripley's breach of oral promise contract claim in 2013 when commissions were split between Ripley and Connor. Ex. 1 at 41-45, 50, 53-54, 132-133 (Ripley); Facts ¶10.

As concisely noted in Super v. Wells Fargo Bank, NA, 2014 WL 12596979, *5 (S.D. Tex., July 10, 2014), adopted, 2014 WL 12596560 (S.D. Tex., July 28, 2014), "[t]here is no evidence that he was not aware of all the facts or that he was prevented from suing within the statutory- limitations period due to inequitable circumstances."

Ripley, having accepted the benefit of Connor's work, failed to file suit until January of 2019, long after expiration of the statute of limitations.  Ex. 1 at 41-45,50, 53-54 (peak years in 2015 and 2016 with Connor), 132-133 (Ripley); Ex. 13 (Ripley Redacted W-2s); Complaint [Doc. 001 at 13].

**<u>Conclusion and Prayer for Relief</u>**

There is no question that Ripley, a current employee, cannot establish prohibited age discrimination in violation of the ADEA/THRC based on the facts in his Charge, in his Complaint, and/or in his deposition.   A business transferring accounts based on the departure of a partner splitting commissions or any reason other age alone simply does not meet the requirements for an ADEA/THRC claim.

Ripley also cannot pursue a claim for an alleged oral promise from 2012.

BOKFS requests that this Court grant summary judgment in its favor and dismiss claims pursued by Ripley.   Further, BOKFS requests its attorneys' fees and costs in defending the litigation.

Respectfully submitted,

By: /s/ Erica Anne Dorwart
Erica Anne Dorwart, OBA #18367
Admitted to practice in the
Northern District of Texas on May 1, 2018
FREDERIC DORWART, LAWYERS
124 East Fourth Street
Tulsa, Oklahoma 74103
edorwart@fdlaw.com
(918) 583-9922 (Tel.)
(918) 584-2729 (Fax)

-and-

WORTHY WALKER
TEXAS BAR NO. 24033308
WWALKER@SHACKELFORD.LAW
SHACKELFORD, BOWEN,
   MCKINLEY & NORTON, LLP
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Telephone:  (214) 780-1400
Facsimile:   (214) 780-1401


ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing instrument has been served upon all known parties and counsel of record in accordance with the Federal Rules of Civil Procedure, this 1st day of June, 2021.

*/s/ Erica Anne Dorwart*
Erica Anne Dorwart