IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES P. RIPLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 3:19-CV-00577-S |
| | § | |
| BOK FINANCIAL CORPORATION, and | § | |
| | § | |
| BOK FINANCIAL SECURITIES, INC. | § | |
| | § | |
| Defendants. | | |

## ANNEX IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE/CONTINUANCE AND TO COMPEL DISCOVERY

# EXHIBIT

# 1

## Protective Order

---

From:  Marilyn Lahr (mimilahr@yahoo.com)

To:  wwalker@shackelford.law; edorwart@fdlaw.com

Date:  Monday, August 26, 2019, 05:03 PM EDT

---

Erica and Worthy, attached please find an agreed motion and protective order Erica and I discussed recently.  I have signed the agreed motion.  Please sign and file it with the Court.

Please advise when I can expect to receive the additional files that were withheld until signing of the protective order.

Kind regards,
Marilyn K. Lahr

**Marilyn K. Lahr**
**3131 McKinney Ave., Suite 600**
**Dallas, TX  75204**
Cell:  214.335.6464
Fax:  888.828.2856

 AGREED PROTECTIVE ORDER.pdf
6MB

# EXHIBIT

# 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES P. RIPLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 3:19-CV-00577-S |
| | § | |
| BOK FINANCIAL CORPORATION, | § | |
| and | § | |
| BOK FINANCIAL SECURITIES, INC. | § | |
| | § | |
| Defendants. | § | |

## VERIFICATION OF MARILYN K. LAHR

I, Marilyn K. Lahr, being of sound mind, do hereby verify under penalty of perjury that the following facts are within my personal knowledge and are true and correct.

1. On or about October 26, 2019, Plaintiff forwarded a demand letter to Defendants reminding Defendants Plaintiff still had not received the confidential documents related to Plaintiff's damages, and remained in the dark as to the full extent of Plaintiff's damages as a result. Defendants did not respond to Plaintiff's demand letter.

2. On August 24, 2020, Defendants finally produced additional documents. The production is not labeled in any manner, does not identify any documents as relating to any request for production or interrogatory, whether they had previously been withheld as confidential or were simply supplemental production, and thus, Plaintiff does not know exactly to which responses the materials pertain. There are no documents that Plaintiff has been able to identify reflecting commissions paid on accounts removed from Plaintiff, nor is any information provided regarding formation of the partnership, any analysis regarding formation of the partnership, any analysis regarding removal of accounts, information about other wholesale removal of accounts, or the like.

3. As the pandemic began to develop, Plaintiff's counsel decided to remain in Indiana on March 14, 2020, instead of returning to Dallas as planned. Plaintiff's counsel has been residing in Indiana since prior to the pandemic to be near her parents, after her father developed a serious heart issue. Plaintiff travelled back and forth to Dallas regularly to maintain her law practice. After March 14, 2020, Plaintiff's counsel restricted her activities, especially travel, to avoid exposure to COVID, especially in light of her parents' higher risk category. Plaintiff's client was also in a high risk group, being over the age of 70.

4. The continuing restrictions and potential health risk relating to the pandemic affected Plaintiff's ability to complete discovery. In the fall of 2020, the parties discussed discovery, including depositions, and agreed it would be difficult to conduct depositions via Zoom. Plaintiff advised Defendants she was struggling with eye issues as a result of too much screen time.

5. The allegations and contentions in Section B, 1 regarding Plaintiff's claims and contentions accurately reflects same.

6. The contentions in Section B.2 regarding what Plaintiff believes the witnesses will testify to which is needed for responding to Defendants' Motion for Summary Judgment accurately reflects what counsel believes.

7. Defendants have not produced any documents regarding Watson's activities related to formation of the partnership, even though Polyak testified the oral agreement was memorialized in a document.

8. Plaintiff only learned on March 29, 2021 that Dean was the alleged decision-maker regarding removal of accounts from Plaintiff after Connor decided to resign. Again, Plaintiff sought this information at the outset of the case in 2019, but Defendants refused to answer the interrogatories inquiring into who made that decision. Polyak provided Dean's name during his deposition on March 29.

9. Plaintiff spent 20 hours researching the legal issues, gathering the evidence, and preparing this motion for filing. Plaintiff spent an additional 1 hour in past efforts to resolve these issues with Defendants, including sending twelve different emails and holding several different telephone conversations on the subject, which Plaintiff believes is reasonable under the circumstances.

10. Plaintiff is an attorney licensed to practice before this Court, and has been licensed in Texas since 1986 and remains a member in good standing. Plaintiff is familiar with legal fees charged by attorneys with the same or similar skills and for matters similar to these. Plaintiff believes a reasonable hourly fee is $450.00 based on such knowledge.

Signed this 2 day of July, 2021.

_Marilyn K. Lahr_

Marilyn K. Lahr

# EXHIBIT

# 3

## FW: Ripley v. BOKFS Unopposed Joint Motion for Extension & Request to Reschedule Mediation for Personal Matter

From:   Dorwart, Erica (edorwart@fdlaw.com)

To:      mimilahr@yahoo.com; WWalker@Shackelford.law

Cc:     EDORWART@fdlaw.com; EDORWART@fdlaw.com

Date:   Wednesday, February 19, 2020, 01:35 PM EST

---

Marilyn:


Are you okay with me filing the motion and attached order?


Also, I have had a health issue come up urgently and need to have a surgical procedure done on the 25th.    In light of that and the fact that we don't have Ripley's position statement, I'd like to call Judge Horan and see if we can do a quick reschedule as I should be fine to head to Dallas for mediation as soon as Thursday or Friday next week if Judge Horan can fit us in.


Do you have time for a call this afternoon as I'd like to have you on the call with the Judge's office to reschedule?


Thanks,


Erica



Erica Anne Dorwart

**Frederic Dorwart Lawyers, PLLC**

Old City Hall

124 East Fourth Street

Tulsa, Oklahoma 74103

918-583-9960 – Direct

918-583-9922 – Office

918-583-8251 – Fax

Edorwart@fdlaw.com

---

**From:** Dorwart, Erica
**Sent:** Friday, February 14, 2020 2:15 PM
**To:** mimilahr@yahoo.com; Worthy W. Walker <WWalker@Shackelford.law>
**Cc:** Dorwart, Erica <EDORWART@fdlaw.com>; Dorwart, Erica <EDORWART@fdlaw.com>
**Subject:** FW: Ripley v. BOKFS Unopposed Joint Motion for Extension

Marilyn:

Attached are an updated motion and proposed order adding your requested extension of thirty days for expert reports. More than thirty days will throw us off the schedule and should not be necessary as Plaintiff knows his case and, as a sitting employee, has access to his work documents.

Thanks,

Erica

Erica Anne Dorwart

**Frederic Dorwart Lawyers, PLLC**

Old City Hall

124 East Fourth Street

Tulsa, Oklahoma 74103

918-583-9960 – Direct

918-583-9922 – Office

918-583-8251 – Fax

Edorwart@fdlaw.com

7/2/2021          Yahoo Mail - FW: Ripley v. BOKFS Unopposed Joint Motion for Extension & Request to Reschedule Mediation for Personal Matter

Case 3:19-cv-00577-S    Document 34-1 Filed 07/02/21    Page 10 of 46    PageID 562

**From:** Marilyn Lahr <mimilahr@yahoo.com>
**Sent:** Thursday, January 16, 2020 1:16 PM
**To:** Dorwart, Erica <EDORWART@fdlaw.com>
**Subject:** Re: Ripley v. BOKFS Unopposed Joint Motion for Extension

Erica, my apologies for the delay in getting back with you.  I would ask that we move the disclosure of experts to 60 days after mediation, as well.  I cannot determine if I need any experts, without the discovery.

If that works for you and you add those new dates for each of our experts, you have my permission to sign the documents for me, electronically.  If not,give me a quick call to discuss.

*Kind regards,*

*Marilyn Lahr*

*Marilyn K. Lahr*

*3131 McKinney Ave., Suite 600*

*Dallas, TX  75204*
Cell:  214.335.6464
Fax:  888.828.2856

On Tuesday, January 14, 2020, 05:02:10 PM EST, Dorwart, Erica <edorwart@fdlaw.com> wrote:

Mimi:

Do you have time to review these?   I'd like to get the formal request on file and email the proposed order.

That said, I think our agreement on discovery being 60 days after the mediation stands under the local rules.

Thanks,

7/2/2021          Yahoo Mail - FW: Ripley v. BOKFS Unopposed Joint Motion for Extension & Request to Reschedule Mediation for Personal Matter

Case 3:19-cv-00577-S     Document 134-1     Filed 07/02/21     Page 11 of 46     PageID 563

Erica

Erica Anne Dorwart

**Frederic Dorwart Lawyers, PLLC**

Old City Hall

124 East Fourth Street

Tulsa, Oklahoma 74103

918-583-9960 – Direct

918-583-9922 – Office

918-583-8251 – Fax

Edorwart@fdlaw.com

---

**From:** Dorwart, Erica
**Sent:** Tuesday, January 14, 2020 1:50 PM
**To:** Marilyn Lahr <mimilahr@yahoo.com>; Worthy W. Walker <WWalker@Shackelford.law>
**Cc:** Dorwart, Erica <EDORWART@fdlaw.com>
**Subject:** Ripley v. BOKFS Unopposed Joint Motion for Extension

Mimi:

Attached is the proposed motion and proposed order.

Please note Judge Scholer's 120 days between dispositive motion deadline and trial rule and our request for 90 days.

I'd like to get this on file today.

Thanks,

Erica

Erica Anne Dorwart

7/2/2021        Yahoo Mail - FW: Ripley v. BOKFS Unopposed Joint Motion for Extension & Request to Reschedule Mediation for Personal Matter

Case 3:19-cv-00577-S     Document 84-1    Filed 07/02/21    Page 12 of 46    PageID 564

**Frederic Dorwart Lawyers, PLLC**

Old City Hall

124 East Fourth Street

Tulsa, Oklahoma 74103

918-583-9960 – Direct

918-583-9922 – Office

918-583-8251 – Fax

[Edorwart@fdlaw.com](mailto:Edorwart@fdlaw.com)

 2020-02-13 Unopposed - Joint Motion for Extension of Discovery Deadline and Dispositive Motion Deadline - 60 days.docx
27.6kB

 2020-02-13 Unopposed Proposed Order (Ex. 1) - Joint Motion for Extension of Discovery Deadline and Dispositive Motion Deadline - 60 days (Recovered).docx
24.9kB

**EXHIBIT**

**4**

## Re: Ripley v. BOK Financial Corporation and BOK Financial Securities; Case No. 3:19-cv-00577-S

From: mimilahr@yahoo.com

To: EDORWART@fdlaw.com

Date: Monday, September 7, 2020, 09:29 PM EDT

Erica, hope you enjoyed a nice Labor Day weekend.

In looking at my upcoming deadlines, I am concerned that with my other case obligations that I am not going to have sufficient time to prepare response to the discovery you have sent. I remain in Indiana, and do not intend to travel to Dallas until the COVID numbers are under better control. It has been my experience that it takes much longer to coordinate responses with clients via Zoom, etc.

Will you be so kind as to grant us an additional 30 days to respond/ object to BOKFS' discovery, making our responses due October 17, 2020? I appreciate your consideration.

Marilyn

Sent from my iPhone

> On Aug 17, 2020, at 6:37 PM, Dorwart, Erica <EDORWART@fdlaw.com> wrote:

Mimi,

Please find attached Defendant's First Set of Interrogatories, Requests for Production, and Requests for Admissions. Please let me know if you have questions.

*Erica Anne Dorwart*

**FREDERIC DORWART, LAWYERS PLLC**

Old City Hall

124 East Fourth Street

Tulsa, OK 74103-5010

918-583-9960 – Telephone

918-688-7420 – Cell

918-583-8251 – Fax

**FREDERIC DORWART**

         **LAWYERS PLLC**

*This e-mail communication and any attachments, hereto, are confidential and may be attorney-client privileged. If you are not the intended recipient, please notify me immediately and destroy the original and all copies of this e-mail communication and any attachments, hereto. Any unauthorized dissemination, distribution, or copying of this e-mail communication and any attachments, hereto, is strictly prohibited.*

<2020-08-17 First Discovery to Plaintiff (Interrogatories Production Admission).pdf>
<2020-08-17 First Discovery to Plaintiff (Interrogatories Production Admission) (final).docx>

# EXHIBIT

# 5

Discovery Responses/Document Production

From: Marilyn Lahr (mimilahr@yahoo.com)

To: edorwart@fdlaw.com; wwalker@shackelford.law

Date: Friday, July 2, 2021, 01:08 PM EDT

Ms. Dorwart:
I have previously requested that you produce those documents responsive to our request for
production which Defendants withheld pursuant to a confidentiality or protective order, inasmuch
as I signed and returned a confidentiality agreement in August 2019.  To date, you have declined
to do so.
I have also informed you on several different occasions that your objections to our written
discovery are improper, including your statement that BOKFS does not have partnerships, and
have requested you fully respond.  I have stated several different times in the last year that I will
be filing a motion to compel if  you choose not to further answer.  You have not provided
any further responses or information to support your objections, and have declined to contact me
regarding same.  I reached out to you last Friday to further discuss and confer on these matters I
have been raising for more than a year now, but you declined to return my call on Friday, and
have not contacted me since then..
I have prepared a Motion for Extension of Time/Continuance and to Compel Discovery, asking the
Court to extend the discovery deadline to complete the depositions I mentioned in my motion filed
last week (complete Polyak, depose Watson, Dean and Parr), and to obtain complete responses
to Plaintiff's written discovery.
I do not know if you or Worthy are familiar with Judge Horan.s ruling in *Heller v. City of Dallas,*
303 F.R.D. 446 (N.D. Tex. 2014), but you should familiarize yourself with the opinion, particularly
those parts of the opinion that set out what objections and responses to written discovery are
permissible in the Northern District.  A copy is attached your your convenience.
I will be filing the above referenced Motions this afternoon.  If you would like to discuss this
further, please call me today.

**Kind regards,**
**Marilyn Lahr**
 **PLEASE NOTE:   NEW ADDRESS BELOW**

**Marilyn K. Lahr**
**2626 Cole Ave., Suite 300**
**Dallas, TX  75204**
Cell:  214.335.6464
Fax:  888.828.2856


Heller v. City of Dallas_ 303 F.R.D. 466.PDF
477.3kB

# EXHIBIT

# 6

## Depositions

From:  mimilahr@yahoo.com

To:    Edorwart@fdlaw.com; wwalker@shackelford.law

Date:  Tuesday, April 20, 2021, 11:18 AM EDT

I am available Tuesday, April 27 to finish the depositions of Nick Polyak and Charles Ripley. Let me know if that date works for you.
Also, you stated you would not present Merideth Watson for depos because he had no relevant information. But they testimony of Mr Williams and Mr Polyak make clear he was the decision maker on several key issues in this case. Please let me know when we can depose Mr Watson.
Lastly, you produced limited information regarding commissions paid In accounts removed from Mr Ripley just days before his deposition. Please produce complete information on the commissions paid on the accounts removed from Mr Ripley.
We will be supplementing our discovery responses shortly.  Mr Ripley has located a number of journals you asked him about during his deposition. We will produce those on April 27 at our offices (or Mr Walker's offices if you prefer) for your inspection and copying.  Let me know your preference.
Marilyn Lahr


Marilyn Lahr

Sent from my iPhone

# EXHIBIT

# 7



**User Name:** Marilyn Lahr
**Date and Time:** Friday, July 2, 2021 11:02:00 AM CDT
**Job Number:** 147533181

## Document (1)

1. _Heller v. City of Dallas, 303 F.R.D. 466_

   **Client/Matter:** -None-

   **Search Terms:** Heller v. City of Dallas, 303 F.R.D. 466

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | -None- |

 Positive
As of: July 2, 2021 4:02 PM Z

# *Heller v. City of Dallas*

United States District Court for the Northern District of Texas, Dallas Division

November 12, 2014, Decided; November 12, 2014, Filed

No. 3:13-cv-4000-P

**Reporter**
303 F.R.D. 466 *; 2014 U.S. Dist. LEXIS 159240 **

PAUL HELLER, ET AL., Plaintiffs, v. CITY OF DALLAS, Defendant.

**Prior History:** *Heller v. City of Dallas, 2014 U.S. Dist. LEXIS 206036 (N.D. Tex., Oct. 2, 2014)*

## Core Terms

discovery, interrogatory, sanctions, discovery request, responses, requests, request for production, documents, responding party, answering, responding, objected, motion to compel, undue burden, general objection, waiving, vague, ambiguous, substantial justification, conferences, work product, reasonable inquiry, attorney's fees, deposition, privileged, certification, parties, overbreadth, burdensome, Renewed

**Counsel:** **[**1]** for Paul Heller, Leslie Harris, Deborah Beltran, Gary Staurd, Diane Baker, Mavis Belisle, Plaintiffs: Bruce Anton, LEAD ATTORNEY, Sorrels Udashen & Anton, Dallas, TX; Anne Katherine Shuttee, Law Office of Anne Shuttee, Dallas, TX; Mary Margaret Penrose, Texas Wesleyan School of Law, Fort Worth, TX.

for City of Dallas, Defendant: Jennifer C Wang, LEAD ATTORNEY, Dallas City Attorney's Office, Dallas, TX; Christopher David Bowers, Dallas City Attorney's Office Dallas City Hall, Dallas, TX; Christopher J Caso, James B Pinson, Peter B Haskel, Dallas City Attorney's Office, Dallas, TX.

**Judges:** DAVID L. HORAN, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** DAVID L. HORAN

## Opinion

[*469] **MEMORANDUM OPINION AND ORDER ON DISCOVERY SANCTIONS**

Plaintiffs Paul Heller, Diane Baker, Mavis Belisle, Deborah Beltran, Leslie Harris, and Gary Staurd ("Plaintiffs") have filed a Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)*, *see* Dkt. No. 42, which United States District Judge Jorge A. Solis has referred to the undersigned magistrate judge for determination, *see* Dkt. No. 44. During a July 17, 2014 hearing on Plaintiffs' Motion to Compel Discovery Responses and Request for Sanctions **[**2]** Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23], the Court previously granted in part and denied in part Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23], after Judge Solis referred that motion along with its accompanying Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] for determination. *See* Dkt. No. 25; Dkt. No. 37; Dkt. No. 45. Plaintiffs' latest motion [Dkt. No. 42] renews their request for *Federal Rule of Civil Procedure 26(g)(3)* sanctions, which remains pending on Plaintiffs' prior motion [Dkt. No. 23]. In an October 2, 2014 Order on Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 46], the Court previously granted in part and denied in part Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 42] and deferred ruling on Plaintiffs' requests discovery sanctions [Dkt. Nos. 23 & 42]. *See* Dkt. No. 46.

The Court will now address the matter of discovery sanctions, if any, to be imposed under *Federal Rules of Civil Procedure 26(g)(3)* or *37* on Plaintiffs' Motion to Compel Discovery Responses and Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery [*470] and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42].

For the reasons and **[\*\*3]** to the extent explained below, Plaintiffs' requests for sanctions [Dkt. Nos. 23 & 42] are GRANTED in part and DENIED in part.

## Background

Plaintiffs served Defendant City of Dallas with two sets of requests for production of documents and one set of interrogatories. *See* Dkt. Nos. 24-1; Dkt. No. 24-4; Dkt. No. 24-5. Defendant timely served its responses and objections to Plaintiffs' First Set of Requests for Production but served its responses and objections to Plaintiffs' Second Set of Requests for Production and Plaintiffs' First Set of Requests for Interrogatories to Defendant City of Dallas seven days late. *See* Dkt. No. 33 at 3.

Plaintiffs then filed their Motion to Compel Discovery Responses and Request for Sanctions Under *Fed. R. Civ. P. 26(g)*. *See* Dkt. No. 23. In that motion, based on their assertion of "Defendant's counsel's repeated bad-faith behavior — including a refusal to withdraw all out-of-time objections excepting those relating to attorney-client privilege and the work product doctrine (an offer Plaintiffs made to avoid filing this Motion to Compel), and continual assertion of invalid privilege claims — Plaintiffs ... seek their attorneys' fees in being required to pursue" their Motion to Compel **[\*\*4]** Discovery Responses and Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and an order "granting all reasonable and necessary attorneys' fees related to this Motion pursuant to *Rule 26(g)*." Dkt. No. 24 at 1, 21; *see also* Dkt. No. 23 at 2. More specifically, "[b]ecause Plaintiffs believe that Defendant's conduct was and is intentional and is not substantially justified — surely, they knew that their failure to provide timely discovery responses waived all objections without court intervention and proof of good cause and that a lack of justifiable privilege prevents the global assertion of privilege — Plaintiffs seek as a sanction attorneys' fees for all time Plaintiff's counsel spent on drafting this discovery, evaluating Defendant's responses, preparing two Motions to Compel, participating in two conferences regarding a Motion to Compel and numerous internal conference among Plaintiffs' counsel." Dkt. No. 24 at 20.

Defendant offered the following written response:

> Plaintiffs have no cause to seek sanctions over the discovery produced in this case. As entailed in this response, the City's objections and responses have been appropriate, reasonable, and made in good faith. Where the City has objected to certain **[\*\*5]**

requests as unduly burdensome, it has explained in writing and through multiple verbal conferences its reason for those objections. Where the City has asserted a privilege, it has explained in writing, through its privilege log, and through multiple verbal conferences its reasons for asserting those privileges.

The City has, in fact, produced more than 70 items, including DVDs, multiple large-scale maps, and documents relating to the Original Ordinance that are, arguably, protected by the legislative privilege but not the work product doctrine. Its counsel have spent hours in at least three conferences with Plaintiffs to resolve their differences regarding discovery. The City agreed before Plaintiffs filed their motion that it would continue to produce relevant documents as they are made available. The City intends to do so with the recently pulled statistical data relating to highway crashes within the city. The City also informed Plaintiffs that additional large-scale maps consisting of aerial photographs of the highways enumerated by the Ordinance are still being created through a labor-intensive process, and will be produced as those become available.

With respect to interrogatory **[\*\*6]** responses that Plaintiffs find lacking, the City contends the interrogatory is either improper, or improper at this time, absent any depositions of the City's witnesses.

In support of Plaintiffs' request for sanctions, Plaintiffs have included as an exhibit an email string between its counsel and the City's attorneys in which the City attorney suggests that Professor Penrose ask one of her law students to research the question posed to him. The City agrees the email **[\*471]** could have been more diplomatically worded to state the City's counsel's objection to performing legal research at Plaintiff's counsel's behest. However, the City's conduct in responding to the discovery in this case, including participating in multiple conferences with Plaintiffs' counsel over many hours, indicates the City's good-faith efforts to address the parties' differences regarding discovery. That the parties disagree over the discovery produced thus far is not cause for issuing sanctions. The City's attorneys have also felt frustrated in its dealings with three separate Plaintiffs' counsel, none of whom practice together or in the same office, and who seemed to assert different positions over various issues. Yet, **[\*\*7]**

Case 3:19-cv-00577-S    Document 34-1    Filed 07/02/21    Page 24 of 46    PageID 276

LOCKHEED MARTIN'S MOTION FOR SUBMISSION OF ADDITIONAL OCR AND PageID 276

303 F.R.D. 466, *471; 2014 U.S. Dist. LEXIS 159240, **7

the City has not accused them of acting in bad faith. Reasonable attorneys should be able to disagree without disparaging the opposing counsel.

Dkt. No. 33 at 12-14 (footnote omitted). Defendant contends that, "[i]n short, Plaintiffs have not shown any intentional or egregious conduct that would warrant the imposition of any sanctions against the City." *Id.* at 14.

At the July 17, 2014 hearing, Defendant's counsel argued that counsel believes that, "through the exercise that [the Court has] had to engage in today of going through each and every single one of these requests for production and the interrogatories, [the Court] would agree that [Defendant's counsel] firmly believe that our objections were in fact valid, that we stood by many of our objections, and in the attempts that we made to converse with them, both in person as well as by telephone, we had no fewer than three long conferences about these discovery disputes." Dkt. No. 45 at 136. Defendant's counsel further argued that

we have spent hours in a good faith attempt to resolve some of these issues, some of these questions. And as you heard them say, [Plaintiffs' counsel have] withdrawn some of them with respect to communications that we **[**8]** contend are protected by the attorney-client privilege. You know, they so said, all right, well, we don't need any of those. To the extent it's work product protected, they said, all right, fine, you know, we don't need any of those, but we still want these other things. And so — and at each turn, what we've been met with is, if you're not going to produce it to us, then we want you to stipulate that you have no such evidence.

If what they wanted us to — was to put in writing that because we can't produce the documents, we can't produce the actual accident reports, that we're supposed to enter into a stipulation that we have no such evidence, which is a much broader use of the word, we weren't willing to stipulate to that, you know. And to say that because — and they did in fact demand several times that because we were late in our responses that we had to withdraw our objection. And if given the choice between withdrawing our objection and having the Court resolve them, then yes, our answer was in fact we were not willing to withdraw the objections. We believed we had good cause.

....

But you know, to say that in absence of that, you

need to waive all your objections, or in absence of **[**9]** that, you need to stipulate that you have no such evidence, or in absence, you know, that — or that you need to go through this exercise of pulling all 9,000 accident reports from the last — from 2012. We weren't able to reach an agreement on that, and I don't believe that that's a showing of bad faith of any kind, that that's a — that this is a case where reasonable attorneys agree, and we've been very disappointed to be labeled as something other than a reasonable attorney when we've made extraordinary efforts in this case to try to address these concerns, to try to address these issues.

*Id.* at 137, 139. Defendant's counsel further argued that "the fact that this hearing took this long, the fact that the Court sustained, in fact, some of our objections, shows that these were complex, difficult, interwoven issues on what discovery we could or could not provide" and that, "in a situation like this, we simply believe that these sanctions are inappropriate, when — are inappropriate to show that we did not — we failed to act in good faith, to show that we somehow acted in bad faith because we disagreed with the Plaintiffs **[*472]** on the positions that we were taking with respect to this discovery." *Id.* at 139.

At a July **[**10]** 17, 2014 hearing, the Court denied Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23] insofar as it sought a ruling that all of Defendant's non-privilege-based objections to Plaintiffs' Second Set of Requests for Production and Plaintiffs' First Set of Requests for Interrogatories to Defendant City of Dallas were waived due to their tardy service on Plaintiffs. *See* Dkt. No. 45 at 130-31. The Court also, on the record, during and at the end of the lengthy hearing, granted Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23] as to most of the discovery requests at issue and overruled most, but not all, of Defendant's objections that it pressed in response to the discovery requests where agreement could not be reached with counsel at the hearing as to an adequate response to each request still at issue. *See* Dkt. No. 37; Dkt. No. 45 at 130-31, 139-40. The Court deferred ruling on, and took under advisement, Plaintiffs' request for sanctions. *See* Dkt. No. 37.

In a Supplemental Brief Supporting Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 40], which the Court partially granted Plaintiffs leave to file, *see* Dkt. No. 41, Plaintiffs contend that Defendant has failed to comply **[**11]** with the Court's July 17, 2014 order granting Plaintiffs' Motion to Compel Discovery

Responses [Dkt. No. 23] and compelling discovery and that Defendant has failed to conduct a complete search for documents responsive to Plaintiffs' requests for production. On that basis, Plaintiffs urge the Court to grant the sanctions mandated by *Rule 26(g)(3)* because Defendant has no "substantial justification" for its continued refusal to respond to Plaintiffs' discovery requests. *See* Dkt. No. 40 at 5-6.

Plaintiffs also filed a Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42] that asserts that, because "Defendant failed to comply with Judge Horan's initial Order compelling discovery, and [for] the further reason that an incomplete search or attempts to respond to discovery were made by Defendant," the Court should grant "the mandatory sanctions under *Fed. R. Civ. P. 26(g)(3)* as Defendant has no 'substantial justification' for its continued refusal to respond to Plaintiffs' discovery requests" and should grant "sanctions against Defendant for failing to comply with Judge Horan's Order Compelling Discovery no later than August 18, 2014." Dkt. No. 42 at 7. "Plaintiffs seek all reasonable attorneys' fees in preparing their original Motion **[**12]** to Compel, in attending the Motion to Compel hearing and in further preparing" their Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42] and assert that, "[b]ut for Defendant's continuing refusal to simply answer basic discovery, Plaintiffs could be moving forward with their plans — expressed to Defendant — to file either a preliminary injunction or Motion for Summary Judgment," such that Defendant's alleged "stalling tactics merit the strongest statement that refusal to comply with a federal Court's Order is unacceptable." *Id.* at 7-8.

In Defendant's Consolidated Response to Plaintiffs' Supplemental Briefing Supporting Request for Sanctions and Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 43], Defendant responded to Plaintiffs' requests for sanctions:

Plaintiffs have no cause to seek sanctions over the discovery produced in this case. As entailed in the City's prior written response, as well as during the [July 17, 2014] Discovery Hearing, the City's objections and responses have been appropriate, reasonable, and made in good faith. Where **[**13]** the City has objected to certain requests as unduly burdensome, it has explained in writing and through

multiple verbal conferences its reason for those objections. Where the City has asserted a privilege, it has explained in writing, through its privilege log, and through multiple verbal conferences its reasons for asserting those privileges.

At this point, the City has produced more than 286 items, including DVDs, multiple large-scale maps, as well as documents relating to the Original Ordinance **[*473]** that are, arguably, protected by the legislative privilege but not the work product doctrine. The City is unsure which of Plaintiffs' counsel has reviewed all of the production, or whether all three attorneys have actually conferred with each other before filing the supplemental brief and second motion to compel. As the City has previously stated, the City's attorneys have been frustrated in its dealings with three separate Plaintiffs' counsel, none of whom practice together or in the same office, and who seemed to assert different positions over various issues. For example, the City left one set of large-scale maps in the care and custody of one of the Plaintiffs' attorneys during Plaintiffs' **[**14]** depositions. During Chief Brown's deposition, another of Plaintiffs' attorneys accused the City of failing to ever produce such maps and had to be corrected by co-counsel.

The City believes no sanctions are justified when it is Plaintiffs' counsel who have behaved so disappointingly in their dealings with the City by accusing the City of bad conduct at every turn, often without verifying the facts or without a reasonable conference with the City. Indicative of their manner, the City finds it offensive that they have complained to this Court that Chief Brown's deposition started 25 minutes late (ECF 42 at 5) when they were the ones responsible for most of the delay. Plaintiffs brought a PowerPoint presentation requiring a projector and computer connection in the deposition room without giving any prior notice to the City that they needed such equipment and technical assistance to connect the devices and conduct the deposition. The City had to call Dallas Police officers familiar with the conference room's equipment to assist with the set-up, which was done quickly and courteously. Later in the afternoon, because Plaintiffs wanted to use a map as an exhibit they had not prepared, the **[**15]** City's legal assistant helped to pull the map from the internet, then saved it to a memory stick so it could be projected and used, and also given to the

court reporter as an exhibit. In short, the City is frustrated that it must defend its conduct at every turn because Plaintiffs have misconstrued even minor details in their effort to besmirch the City when the City has, in fact, made numerous efforts to accommodate Plaintiffs in a courteous and professional manner whenever possible.

Dkt. No. 43 at 10-12. Defendant contends that, "[u]nder such circumstances, Plaintiffs have not shown any conduct on the part of the City that would warrant the imposition of any sanctions against the City." *Id.* at 12.

In an October 2, 2014 Order on Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 46], the Court granted in part and denied in part Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 42], requiring that Defendant serve supplemental answers to Plaintiffs' Interrogatory Nos. 1 and 14, and deferred ruling on Plaintiffs' Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and Plaintiffs' Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. **16] 42]. See Dkt. No. 46. The Court also explained that it would address the matter of discovery sanctions, if any, to be imposed under *Federal Rules of Civil Procedure 26(g)* or *37* in a separate order to follow. *See* Dkt. No. 46 at 1.

In a Supplemental Response to Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 47], Defendant reported to the Court that "[t]he City has fully complied with the Court's orders regarding each of the discovery requests addressed by the Court's July 17, 2014 hearing, as well as by the Court's Order of Oct. 2, 2014 (ECF doc 46)," and that, "[s]pecifically, the City has provided Plaintiffs with supplemental responses to Interrogatories 1 and 14." Dkt. No. 47 at 1; *see also* Dkt. No. 47-1. Defendant also "respectfully request[ed] that the Court deny Plaintiffs' first and second motion for sanctions in all respects." Dkt. No. 47 at 3.

## Legal Standards and Analysis

### Federal Rules of Civil Procedure governing discovery responses and objections

*Federal Rule of Civil Procedure 33* governs answers and objections to interrogatories and provides:

[*474] (a) In General.

(1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, [**17] including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with [*Federal Rule of Civil Procedure] 26(b)(2)*.

(2) Scope. An interrogatory may relate to any matter that may be inquired into under *Rule 26(b)*. An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

(b) Answers and Objections.
(1) Responding Party. The interrogatories must be answered:
  (A) by the party to whom they are directed; or
  (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

(2) Time to Respond. The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under *Rule 29* or be ordered by the court.

(3) Answering Each Interrogatory. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing [**18] under oath.
(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.
(5) Signature. The person who makes the answers must sign them, and the attorney who objects must sign any objections.
(c) Use. An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence.

*Fed. R. Civ. P. 33(a)-(c)*.

*Federal Rule of Civil Procedure 34* governs responses and objections to requests for production of documents, electronically stored information, and tangible things and provides:

(a) In General. A party may serve on any other party a request within the scope of [*Federal Rule of Civil Procedure] 26(b)*:

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably **[**19]** usable form; or
(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) Procedure.

(1) Contents of the Request. The request:

(A) must describe with reasonable particularity each item or category of items to be inspected;
(B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and
(C) may specify the form or forms in which electronically stored information is to be produced.

(2) Responses and Objections.

**[*475]** (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under *Rule 29* or be ordered by the court.

(B) Responding to Each Item. For each item or category, the response must either

state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.

(C) Objections. An objection to part of a request must specify the part and permit inspection **[**20]** of the rest.

(D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form — or if no form was specified in the request — the party must state the form or forms it intends to use.

(E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
(iii) A party need not produce the same electronically stored information in more than one form.

*Fed. R. Civ. P. 34(a)-(b)*.

*Federal Rule of Civil Procedure 26(b)* addresses withholding of documents based on a privilege or attorney work product protection and provides:

(b) Discovery Scope and Limits.

....

(5) Claiming **[**21]** Privilege or Protecting Trial-Preparation Materials.

(A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and
(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

*Fed. R. Civ. P. 26(b)(5)(A).*

Federal Rules of Civil Procedure governing discovery sanctions

*Federal Rule of Civil Procedure 26(g)(3)*

Against the backdrop of these rules, *Federal Rule of Civil Procedure 26(g)*, added in 1983, provides:
(g) Signing Disclosures and Discovery Requests, Responses, and Objections.

(1) Signature Required; Effect of Signature. Every disclosure under *Rule 26(a)(1)* or *(a)(3)* and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name — or by the party personally, if unrepresented — and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable [**22] inquiry:
(A) with respect to a disclosure, it is complete and correct as of the time it is made; and
(B) with respect to a discovery request, response, or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, [*476] modifying, or reversing existing law, or for establishing new law;
(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
(2) Failure to Sign. Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer [**23] was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

*Fed. R. Civ. P. 26(g).*

Plaintiffs seek mandatory sanctions against Defendant under *Rule 26(g)(3)* — in the form of an award of Plaintiffs' reasonable and necessary attorneys' fees — on the basis that Defendant has no "substantial justification" for its continued refusal to respond to Plaintiffs' discovery requests. See Dkt. No. 23 at 2; Dkt. No. 24 at 1, 21; Dkt. No. 40 at 5-6; Dkt. No. 42 at 7-8.

Counsel have "an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1486 (5th Cir. 1990).* The United States Court of Appeals for the Fifth Circuit has further commended the Texas Lawyers' Creed's command that an attorney "will not resist discovery requests which are not objectionable" and "will not make objections ... for the purpose of delaying or obstructing the discovery process," and the Court of Appeals observed that "the spirit of the Federal Rules of Civil Procedure is served by adherence to similar principles of professionalism and civility." *Id.* (internal quotation marks omitted).

More specifically, [**24] "*Rule 26(g)* imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of *Rules 26 through 37*." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). *Rule 26(g)* specifically "requires that parties make a reasonable inquiry before conducting or opposing discovery." *Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 448 (5th Cir. 1992).* *Rule 26(g)* "provides a deterrent to both excessive discovery and evasion by imposing a

certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection" and whether it is consistent with the Federal Rules of Civil Procedure and "grounded on a theory that is reasonable under the precedents or a good faith belief as to what should be the law." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). "This standard is heavily dependent on the circumstances of each case." *Id.*

"Although the certification duty requires the lawyer to pause and consider the reasonableness of his request, response, or objection, it is not meant to discourage or restrict necessary and legitimate discovery. The rule simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." *Id.* "'The duty to make a 'reasonable inquiry' **[**25]** is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by [*Federal Rule of Civil Procedure] 11.... Ultimately what is reasonable is a matter for the court to decide on the totality of the circumstances.'" *Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 686 (5th Cir. 1989)* (quoting *Fed. R. Civ. P. 26(g)* advisory committee's note (1983)).

A *Rule 26(g)(1)* "certification speaks as of the time it is made." *Fed. R. Civ. P. 26(g)* advisory **[*477]** committee's note (1983). The Court therefore "should avoid taking the benefit of hindsight and instead focus on whether, at the time it was signed, the [request, response, or objection] was well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Sheets v. Yamaha Motors Corp., U.S.A., 891 F.2d 533, 536 (5th Cir. 1990)* (applying *Fed. R. Civ. P. 11*).

The courts are "well aware of counsel's obligations to act as an advocate for his/her client and to use legal procedure for the fullest benefit of the client. Those obligations, however, must be tempered against counsel's duty not to abuse legal procedure. Thus, even if the client directs counsel to respond to discovery requests in a certain manner, counsel has the ultimate obligation to ensure that the responses and objections **[**26]** are well grounded in fact and law." *McCoo v. Denny's, Inc., 192 F.R.D. 675, 697-98 (D. Kan. 2000)* (citations omitted); *see also Bordelon Marine, Inc. v. F/V KENNY BOY, Civ. A. Nos. 09-3209 & 09-6221, 2011 U.S. Dist. LEXIS 156453, 2011 WL 164636, at *6 (E.D. La. Jan. 19, 2011)* ("While the Court

recognizes that counsel need to be zealous advocates for their clients, zealousness has its bounds...."); *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n, 121 F.R.D. 284, 288 (N.D. Tex. 1988)* ("(F) A client has no right to demand that counsel abuse the opposite party or indulge in offensive conduct.... (H) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or counsel's client.").

*Rule 26(g)* was enacted "to eliminate one of the most prevalent of all discovery abuses: kneejerk discovery requests served without consideration of cost or burden to the responding party." *Mancia v. Mayflower Textile Services. Co., 253 F.R.D. 354, 358 (D. Md. 2008)*. It was also enacted "to bring an end to the equally abusive practice of objecting to discovery requests reflexively — but not reflectively — and without a factual basis." *Id. Rule 26(g)* "and its commentary are starkly clear: an objection to requested discovery may not be made until after a lawyer has paused and consider[ed] whether, based on a reasonable inquiry, there is a factual basis [for the] ... objection." *Id.* (internal quotation marks omitted).

*Rule 26(g)* is thus "designed to curb discovery abuse by explicitly encouraging the **[**27]** imposition of sanctions." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). "Because of the asserted reluctance to impose sanctions on attorneys who abuse the discovery rules, *Rule 26(g)* makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it." *Id.* (citations omitted).

But, even if an attorney violates *Rule 26(g)(1)*, a court may not — on a party's motion or *sua sponte* — impose *Rule 26(g)(3)* sanctions unless the certification violated *Rule 26(g)(1)* "without substantial justification." *Fed. R. Civ. P. 26(g)(3)*. The United States Supreme Court has defined "substantially justified" to mean "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)*. "Substantial justification" entails a "reasonable basis in both law and fact," such that "there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action]." *Id.* (internal quotation marks omitted); *accord De Angelis v. City of El Paso, 265 F. App'x 390, 398 (5th Cir. 2008)*.

Where *Rule 26(g)(3)* requires the Court to impose an appropriate sanction, "[t]he nature of the sanction is a

matter of judicial discretion to be exercised in light of the particular circumstances." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). Although *Rule 26(g)(3)* sanctions are mandatory, *Rule 26(g)(3)*'s "mandate **[**28]** ... extends only to *whether* a court must impose sanctions, not to *which* sanction it must impose." *Chambers v. NASCO, Inc., 501 U.S. 32, 51, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)* (emphasis in original). But, "[w]hen invoking *Rule 26(g)* as a basis for sanctions, the district court must specify which discovery certification was sanctionable." *Ibarra v. Baker, 338 F. App'x 457, 470 (5th Cir. 2009)*.

**[*478]** *Federal Rule of Civil Procedure 37(a)(5)*

Plaintiffs have not expressly invoked *Federal Rule of Civil Procedure 37(a)(5)(A)*. This rule provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(a)(5)(A)*.

The Court finds that any sanctions to be awarded under *Rule 37(a)(5)(A)* would be duplicative and redundant of those that Plaintiffs expressly seek under *Rule 26(g)(3)*. Cf. *DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 694 (D. Kan. 2004)* ("The Court is already imposing sanctions against Plaintiff and in favor of both Defendants **[**29]** under *Rule 37(a)(4)*. Thus, any award of sanctions under *Rule 26(g)* would be duplicative and unnecessary."). The Court further finds — after considering all of the relevant circumstances, the extent of the parties' conference in advance of Plaintiffs' filing their Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42], and the extent to which Defendant's positions in connection with Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23] and Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 42] were either accepted or resolved by agreement at the July 17, 2014 hearing or were at least substantially justified — that no

award of reasonable expenses that the Court would award under *Rule 37(a)(5)(A)* would be any different than the sanctions that the Court is awarding below under *Rule 26(g)(3)*.

*Federal Rule of Civil Procedure 37(b)*

Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery and Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42] also seeks "sanctions against Defendant for failing to comply with Judge Horan's Order Compelling Discovery no later than August 18, 2014." Dkt. No. 42 at 7. *Federal Rule of Civil Procedure 37(b)* provides that, "[i]f **[**30]** a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders," including, among other sanctions, directing that matters embraced in the order or other designated facts be taken as true; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *Fed. R. Civ. P. 37(b)(2)(A)*.

Sanctions available under *Rule 37(b)* are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the party's control. *See Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858, 860 (5th Cir. 1970)*.

Plaintiffs' requests for *Rule 26(g)* sanctions

Plaintiffs contend that *Rule 26(g)* sanctions are appropriate and required because of Defendant's refusal to respond to Plaintiffs' requests for production and interrogatories based on various objections or outright refusals to respond.

The Court **[**31]** will address each of the possible factual bases for finding that Defendant's responses and objections (1)(a) were not consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law or (b) were interposed for **[*479]** any improper purpose,

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation and (2) were signed by Defendant's counsel in violation of *Rule 26(g)(1)* without substantial justification.

<u>Interrogatory No. 1 and other matters raised in Plaintiffs' second motion to compel</u>

Plaintiffs' Interrogatory No. 1 asked Defendant to "[p]lease identify all persons providing information used to respond to these Interrogatories, setting forth with respect to each such person the Interrogatory response to which he or she is directly responded," Dkt. No. 24-4 at 2. In response, Defendant objected "to the extent [this Interrogatory] seeks premature disclosure of expert opinion, as the City has not determined at this time which individuals may serve as consulting or testifying expert witnesses" and "to the extent [this Interrogatory] seeks privileged work product, **[\*\*32]** attorney-client communications, and/or information protected by the legislative privilege." *Id.* at 2-3. Defendant then provided this response: "Subject to and without waiving its general and specific objections, these responses include, the public discussions held by members of the Dallas City Council, where noted, as well as the police chiefs or other personnel who spoke before the Council at its meetings. Additionally, these responses were prepared by each of the undersigned counsel in this case." *Id.* at 3.

The Court already addressed Defendant's response to Plaintiffs' Interrogatory No. 1 in the Court's October 2, 2014 Order on Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 46]:

> This latest motion raises several specific requests for production or interrogatories that the Court addressed in ruling on Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23] and as to which Plaintiffs assert Defendant City of Dallas has not complied with its obligations under this Court's order and the Federal Rules of Civil Procedure.

> As to Plaintiffs' Interrogatory No. 1, during the July 17, 2014 hearing on Plaintiffs' Motion to Compel Discovery Responses [Dkt. No. 23], **[\*\*33]** the Court ordered Defendant to serve a complete answer to this interrogatory.... Specifically, during the hearing, the Court, Plaintiffs' counsel, and Defendant's counsel had the following exchange:

> > THE COURT: All right. Interrogatory #1. They've responded to this, right? I mean, -

[PLAINTIFFS' COUNSEL]: Well, yes and no. I mean, where are the names of the people that helped get this information? Because in order to determine who it is we should depose, who it is that might be able to explain to us their interest in the distinction between a handheld sign or a person wearing a costume and a flashing billboard that you can see from about a half-mile away, we need to know who to talk to. And the initial disclosures give us four names, and I'm not sure if all four of those testified during the TRO, but there's — there's no names. And I can say, in 21 years of litigating, I've never had someone or a party not respond to identifying the persons that helped respond to the interrogatories. Here, it says that's privileged work product, attorney-client communication, and protected by the legislative privilege. How do we get the witness names?

THE COURT [to Defendant's counsel]: .... Why aren't **[\*\*34]** you turning over the names of who you've talked to get — pull together the interrogatories? I mean, I certainly understand it was you and [co-counsel] who ultimately put them together. That's the way things go. But you obviously didn't generate the information yourself, so -

[DEFENDANT'S COUNSEL]: We — I mean, when I contact a department for information and help in responding, they in turn then contact however many other people that they need to contact in order to respond to me to give me an answer. And so, in that sense, I think I was being protective in not wanting to generate a list of, you know, 30 names, each of whom that they can start requesting depositions of that, you know, we just feel would be, you know, end up being abusive **[\*480]** in nature. But I am perfectly willing -
THE COURT: I think you'd -
[DEFENDANT'S COUNSEL]: — to supplement — you know, to say that -
THE COURT: I think you'd better supplement and do it. I mean, that's not your prerogative to avoid that. It's a legitimate interrogatory response. So, I'm going to order the City to supplement with the names of the individuals who provided information in response to these interrogatories. ....
Dkt. No. 45 at 102-03.

Case 3:19-cv-00577-S   Document 84-1   Filed 07/02/21   Page 32 of 46   PageID 1354

303 F.R.D. 466, *480; 2014 U.S. Dist. LEXIS 159240, **34

Page 11 of 25

DALLAS NAACP v. DALLAS COUNTY COMMISSIONERS COURT AND DALLAS CO...

After the [**35] hearing, Defendant reports that its counsel, based on counsel's notes, did not believe that the Court had ordered Defendant to provide a supplemental response. *See* Dkt. No. 43 at 3. But Defendant's response contends that the responsive, supplemental information has been provided in any event because [Defendant's counsel] and Assistant Chief of Police Mike Genovesi have now verified the interrogatory responses. *See id.* at 3-4; Dkt. No. 40-1 at 16-17 of 18.

The Court disagrees with that position. Those verifications explain that Defendant's interrogatory answers "are based upon ... information obtained from other employees of the City of Dallas." Dkt. No. 40-1 at 16-17 of 18. And, during the July 17, 2014 hearing, Defendant's counsel likewise explained that, when compiling Defendant's interrogatory answers, "when I contact a department for information and help in responding, they in turn then contact however many other people that they need to contact in order to respond to me to give me an answer." Dkt. No. 45 at 102-03.

Plaintiffs' Interrogatory No. 1 — to which the Court ordered Defendant to supplement its answer "with the names of the individuals who provided information in response to these [**36] interrogatories," *id.* at 103 — asks Defendant to "identify all persons providing information used to respond to these Interrogatories, setting forth with respect to each such person the Interrogatory response to which he or she is directly responded," Dkt. No. 24-4 at 2. The verifications of Defendant's interrogatories answers do not provide that information. The Court ORDERS Defendant to supplement its answer to Plaintiffs' Interrogatory No. 1 with all of the information that the interrogatory requests by **October 14, 2014**.

Dkt. No. 46 at 1-4. In response to this order, Defendant further supplemented its response to Interrogatory No. 1 and appears to have provided in its answer the names of the individuals who provided information in response to Plaintiffs' interrogatories. See Dkt. No. 47 at 1; Dkt. No. 47-1 at 2-5 of 9.

Defendant's original answer to Interrogatory No. 1 was not consistent with the Federal Rules of Civil Procedure, and counsel's certification of the answer violated the governing discovery rules and therefore violated *Rule 26(g)(1)* without substantial justification. At the July 17, 2014 hearing, Defendant's counsel did not assert that a response was not required because this

interrogatory [**37] "seeks privileged work product, attorney-client communications, and/or information protected by the legislative privilege." Dkt. No. 24-4 at 2-3; Dkt. No. 45 at 102-03. And, notwithstanding Defendant's objection focused on possible expert witnesses, Interrogatory No. 1, by its own terms, does not seek the identity of any consulting or testifying expert witnesses that Defendant may seek to use in the future. *See* Dkt. No. 24-4 at 2-3. But those contingent objections — and the invalid general objections discussed below — are the only objections that Defendant raised to this interrogatory. *See id.* Defendant then gave only a very general answer — "[s]ubject to and without waiving its general and specific objections" (again, a topic discussed below) — that did not "identify all persons providing information used to respond to these Interrogatories, setting forth with respect to each such person the Interrogatory response to which he or she is directly responded." *Id.* Defendant's counsel then explained at the hearing that Defendant served this answer because Defendant, through its counsel, "was being protective in not wanting to generate a list of, you know, 30 names, each of whom that they can start [**38] requesting depositions of that, you know, we [*481] just feel would be, you know, end up being abusive in nature." Dkt. No. 45 at 103. And, as the Court's October 2, 2014 Order on Motion to Compel Compliance with Court's Previous Order Compelling Discovery explained, Defendant then failed to fully supplement the answer as required by the Court's July 17, 2014 order [Dkt. No. 37]. *See* Dkt. No. 46 at 1-4.

Defendant opposes Plaintiffs' sanctions requests by arguing that, "[w]ith respect to interrogatory responses that Plaintiffs find lacking, the City contends the interrogatory is either improper, or improper at this time, absent any depositions of the City's witnesses." Dkt. No. 33 at 13. The Court disagrees with that position. Interrogatory No. 1 is a legitimate, rather standard interrogatory, and Defendant's objections and Defendant's counsel's explanation provide no legitimate or substantially justified basis for refusing to fully answer it. Had Defendant's counsel paused and considered whether, based on a reasonable inquiry, there is a factual or legal basis for the objections and incomplete answer that Defendant provided, Defendant's counsel could not have concluded that there was. *See Mancia, 253 F.R.D. at 358*.

The Court [**39] is constrained to find that Defendant's certification of Defendant's objections and original answer to Interrogatory No. 1 violated *Rule 26(g)(1)*

because Defendant's objections and answer were not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law and were interposed for an improper purpose. The record makes clear that Defendant answered as it did to unilaterally deny Plaintiffs information in order to — without properly seeking a *Federal Rule of Civil Procedure 26(c)* protective order or other Court intervention — keep the names of potential witnesses from Plaintiffs' counsel based on an unsubstantiated concern that, if given a complete answer to this interrogatory, "they can start requesting depositions [that would] end up being abusive in nature." Dkt. No. 45 at 103.

Defendant argues that, "[t]o the extent that Plaintiffs believe the City has not appropriately responded to the Court's orders from [the July 17, 2014] hearing, Plaintiffs have not conducted a conference with the City in accordance with *Local Rule 7.1*, requiring the attorneys to first confer," and "Plaintiffs also did not confer with the City prior to filing their **[**40]** Motion to Compel Compliance with Court's Previous Order (ECF 42)," such that "any supplemental or renewed request for sanctions lacks a good faith effort to cooperate with the City, and has no further support than what Plaintiffs have already presented to the Court in its original motion and during the July 17th Discovery Hearing." Dkt. No. 43 at 2. Although the conference requirement for discovery disputes and filing discovery motions is critically important, *see Brown v. Bridges, No. 3:12-cv-4947-P, 2014 U.S. Dist. LEXIS 83235, 2014 WL 2777373, at *1 (N.D. Tex. June 19, 2014)*, the Court disagrees that, under all of the circumstances, any further prefiling conference as to Interrogatory No. 1 was required here, *see* Dkt. No. 42 at 3; Dkt. No. 43 at 3-4.

Defendant's counsel's certification of Defendant's answer and objections to Interrogatory No. 1, *see* Dkt. No. 24-4 at 2-3, 15-16, violated *Rule 26(g)(1)* in a manner that reflected a lack of reasonable inquiry and that was not substantially justified. The Court finds that Defendant's response to Interrogatory No. 1 was not justified to a degree that could satisfy a reasonable person — that is, reasonable people could not differ as to the appropriateness of the response as described above. *See Hobley v. Burge, No. 03 C 2678, 2003 U.S. Dist. LEXIS 18363, 2003 WL 22359520, *1 (N.D. Ill. Oct. 15, 2003)*. This requires the Court to impose **[**41]** an appropriate sanction under *Rule 26(g)(3)*.

As to Plaintiffs' request for sanctions for Defendant's violating the Court's July 17, 2014 order, this is a close call where Defendant's counsel were responsible for understanding the Court's July 17, 2014 order and seeking clarification if necessary. See Dkt. No. 45 at 130 ("[M]y order is going to be short, since this has all been on the record. But I don't know how accessible this recording will be, so I hope everyone has taken notes. If you haven't, if anyone has any questions about my ruling on any of [Plaintiffs' discovery requests], now would be the **[*482]** time to ask."). But, without intending to excuse Defendant's failure to comply with the Court's discovery order, the Court does not find the willful disobedience or gross indifference that would merit sanctions under *Rule 37(b)* as to Defendant's response to Plaintiffs' Interrogatory No. 1 beyond the sanctions that the Court will impose under *Rule 26(g)(3)*.

And, where the Court has already largely denied Plaintiffs' Motion to Compel Compliance with Court's Previous Order Compelling Discovery [Dkt. No. 42] other than as to Plaintiffs' Interrogatory No. 1 and Interrogatory No. 14, the Court finds no basis for *Rule 26(g)* or *Rule 37(b)* sanctions as to **[**42]** the other matters raised in that motion. The record before the Court does not support a finding that Defendant's responses to, and its position regarding any requested supplementation as to, Interrogatory No. 14 and Plaintiffs' Second Set of Requests for Production Nos. 6, 7, 8, and 9, as well as Plaintiffs' renewed request to have Defendant search for any citations under the Original and Revised Ordinances and any traffic accidents, meet the standards for *Rule 26(g)(3)* or *Rule 37(b)* sanctions.

Defendant's general and boilerplate objections

Defendant's Response to Plaintiffs' First Set of Requests for Production includes a preliminary section entitled "General Objections," which states:

1. The City objects to the definitions, instructions, and other statements contained in Plaintiffs' First Set of Requests for Production (the "Requests") to the extent they exceed and/or conflict with the nature and scope of discovery permitted under the FEDERAL RULES OF CIVIL PROCEDURE and any other federal law.

2. The City objects to the terms "Defendant," "you," and "your," and "yours" as used in Plaintiffs'

Requests in that they include attorneys and purport to seek information that is exempt from discovery under the work **[**43]** product and attorney/client privileges and protections.

3. It is assumed these Requests are not asking for documents that would be privileged and/or protected as work product and/or attorney-client communications. Nonetheless, such information, if any, will be withheld to the extent that they are protected from discovery by such privileges.

4. Nothing contained in any response shall be deemed to be an admission or waiver by The City as to the relevancy, materiality, authenticity, or admissibility of any document.

5. The City incorporates these objections by reference in its responses to the Requests below as if fully set forth therein.

6. The City reserves the right to amend and supplement any responses.

Dkt. No. 24-1 at 1-2. Defendant's Response to Plaintiffs' Second Set of Requests for Production begin with the same "General Objections" section. *See* Dkt. No. 24-5 at 1-2. And Defendant's Objections and Response to Plaintiffs' First Set of Interrogatories to Defendant City of Dallas similarly begins with the following "General Objections" section:

The City's responses are subject to, qualified by, and limited by the following General Objections, which apply to each specific interrogatory **[**44]** as if incorporated and set forth in full in response to each:

1. The City objects to Plaintiff's interrogatories, definitions, and instructions to the extent they exceed or seek to impose discovery obligations on the City that exceed and conflict with the nature and scope of discovery permitted under the FEDERAL RULES OF CIVIL PROCEDURE and any other federal law, including but not limited to asking the City to prematurely marshal its evidence in preparation for trial.

2. The City objects to Plaintiff's interrogatories, definitions, and instructions to the extent they seek disclosure [of] matters protected by attorney-client privilege, work product doctrine, legislative privilege, or other exemptions or privileges recognized, among other things, by applicable law and/or rules of evidence and civil procedure.

**[*483]** 4. The City makes no admissions of any nature, and no admissions may be implied by, or

inferred from, these objections and responses. Nothing contained in any response shall be deemed to be an admission, concession, or waiver by the City as to the relevance, materiality, or admissibility of any information provided in response to Plaintiffs' discovery requests.

5. These general objections **[**45]** apply to each interrogatory response. Where the City cites certain general objections in response to a particular interrogatory, it does so because the objections are especially applicable. The citation of general objections should not be construed as a waiver of any other general objection falling within the interrogatory.

Dkt. No. 24-4 at 1-2.

Plaintiffs assert that these general, generic objections violate the Federal Rules and are invalid. The Court agrees.

The "prohibition against general [or blanket] objections to discovery requests has been long established." *Hall v. La., Civ. A. No. 12-657-BAJ-RLB, 2014 U.S. Dist. LEXIS 77180, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014)*. *Rule 33(b)(4)* requires that "grounds for an objection to an interrogatory shall be stated with specificity." *Fed. R. Civ. P. 33(b)(4)*. And *Rule 34(b)* requires that a response to a request for production of documents, electronically stored information, and tangible things "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Fed. R. Civ. P. 34(b)(2)(B)*. In short, "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010)*. **[**46]**

Another court has put the matter at hand well: "General objections such as the ones asserted by [Defendant] are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been withheld and, if so, why. This is particularly true in cases like this where multiple 'general objections' are incorporated into many of the responses with no attempt to show the application of each objection to the particular request." *Weems v. Hodnett, No. 10-cv-1452, 2011 U.S. Dist. LEXIS 80746, 2011 WL 3100554, at *1 (W.D. La. July 25, 2011)*.

Case 3:19-cv-00577-S    Document 34-1 E's MOTION FOR 07/02/21 Page 35 of 46 AND NDED COMP PageID 487
303 F.R.D. 466, *483; 2014 U.S. Dist. LEXIS 159240, **46

Page 14 of 25

In that case, the court determined that "Plaintiff's general objections violate the letter and spirit of *Rule 26(g)*. Plaintiff made no attempt to explain the applicability of the general objections to the discovery requests. In every response, Plaintiff asserted a general objection for privileged or proprietary information, yet Plaintiff does not explain (in a privileged document log or otherwise) what, if any, information was withheld." *2011 U.S. Dist. LEXIS 80746, [WL] at *2*. And another court has persuasively explained:

> This Court has on several occasions "disapproved [of] the practice of asserting a general objection 'to the extent' it may apply to particular requests for discovery." This **[\*\*47]** Court has characterized these types of objections as "worthless for anything beyond delay of the discovery." Such objections are considered mere "hypothetical or contingent possibilities," where the objecting party makes "'no meaningful effort to show the application of any such theoretical objection' to any request for discovery." Thus, this Court has deemed such "ostensible" objections waived, or declined to consider them as objections.

*Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 666-67 (D. Kan. 2004)* (footnotes and citations omitted).

So-called boilerplate or unsupported objections — even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests — are likewise improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as "an all-too-common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system." *McLeod, 894 F.2d at 1484-86* (holding that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without **[\*484]** showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice **[\*\*48]** a successful objection"); *see also Anderson v. Caldwell Cty. Sheriff's Office, No. 1:09cv423, 2011 U.S. Dist. LEXIS 62263, 2011 WL 2414140, at *3 (W.D.N.C. June 10, 2011)* ("Moreover, there is no provision in the Federal Rules that allows a party to assert objections simply to preserve them. Instead, the Federal Rules require that objections be specific."); *Mancia, 253 F.R.D. at 358* (noting that, despite *Rule 26(g)*, "boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to

the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts" (citation omitted)).

Another court has observed that "[the] failure to particularize [overbreadth, undue burden, and relevance] objections as required leads to one of two conclusions: either the [responding parties] lacked a factual basis to make the objections that they did, which would violate *Rule 26(g)*, or they complied with *Rule 26(g)*, made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required." *Mancia, 253 F.R.D. at 364*.

In this case, Defendant, in its responses to each of Plaintiffs' sets of document **[\*\*49]** requests and their Interrogatories, raised a list of "General Objections" before any addressing specific discovery requests and purported to incorporate by reference all of those objections into every response to every discovery request. *See* Dkt. No. 24-1 at 1-2; Dkt. No. 24-4 at 1-2; Dkt. No. 24-5 at 1-2. At the July 17, 2014 hearing, however, Defendant's counsel did not attempt to rely on those "General Objections." *See* Dkt. No. at 17, 69.

Counsel should cease and desist from raising these free-standing and purportedly universally applicable "general objections" in responding to discovery requests. Deploying these general objections in this manner is, for the reasons explained above, inconsistent with the Federal Rules and is not warranted by existing law.

As to the particular general objections that Defendant raised in this case, the objection to all requests to the extent that they exceed or conflict with the scope of permissible discovery is an off-the-shelf and decidedly non-specific objection that gains the responding party nothing without tying it to a particular discovery request and explaining precisely how that request exceeds or conflicts with the scope of permissible discovery. And the Court **[\*\*50]** agrees with Plaintiffs' counsel that disavowing interrogatory responses as "admissions of any nature," Dkt. No. 24-4 at 2, flies in the face of *Rule 33(c)*'s provision that "[a]n answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence." *Fed. R. Civ. P. 33(c)*. Finally, any statement reserving the "right" to supplement discovery responses "merely reflects an already existing duty, pursuant to *Fed. R. Civ. P. 26(e)*." *Zapata v. IBP, Inc., Civ. A. No. 93-2366-EEO, 1995 U.S. Dist. LEXIS 6436,*

Case 3:19-cv-00577-S    Document 84-1    Filed 07/02/21    Page 36 of 46    Page 15 of 25

303 F.R.D. 466, *484; 2014 U.S. Dist. LEXIS 159240, **50

*1995 WL 293931, at *1 (D. Kan. May 10, 1995)*.

Nevertheless, the existing legal authority is not entirely consistent across the federal courts and has not always been clear as to the propriety of raising these kinds of general objections and has been rather limited within this circuit. *See, e.g., Hager v. Graham, 267 F.R.D. 486, 492 (N.D. W. Va. 2010); Grider v. Keystone Health Plan Central, Inc., 580 F.3d 119, 139-40 (3d Cir. 2009)*.

Accordingly, under the particular circumstances here, the Court finds that no sanction is warranted or required under *Rule 26(g)(3)* based on Defendant's counsel's certifying the general objections to Plaintiffs' discovery requests. *See* Dkt. No. 24-1 at 1-2; Dkt. No. 24-4 at 1-2; Dkt. No. 24-5 at 1-2.

The Court will address below Defendant's boilerplate objections asserted in response to Plaintiffs' specific discovery requests.

<u>Defendant's privilege and work product objections</u>

In addition to its "General **[**51]** Objections" addressing privilege and work product protection, Defendant also raised the following objection to many of the document requests in Plaintiffs' First Set of Requests for **[*485]** Production: "The City further objects to this request to the extent this request seeks privileged work product or attorney-client communications." Dkt. No. 24-1 at 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18. And Defendant objected to many of Plaintiffs' Interrogatories and the documents requests in Plaintiffs' Second Set of Requests for Production "to the extent that [a request] seeks privileged work product, attorney-client communications, and/or information protected by the legislative privilege." *E.g.*, Dkt. No. 24-4 at 3, 5, 6; Dkt. No. 24-5 at 2-3, 4-5.

Here, then, Defendant did not rely entirely on a general privilege and work product objection stated once in its "General Objections" as if it is applicable to every discovery request — Defendant also raised "to the extent" objections as to privilege and work product protection in its responses to specific interrogatories and document requests. But, while the matter may be worse if a privilege and work product objection is raised only **[**52]** as a general objection, objecting, without more, to a particular interrogatory or document request only "to the extent" that it seeks privileged or work product material and then responding "subject to and without waiving" that contingent objection still leaves the requesting party wondering if there are any responsive

documents being withheld as privileged or attorney work product.

And that was the case here, where Plaintiffs' original motion to compel sought an order "requiring full responses to each and every Request for Production and Interrogatory, even if such response simply reveals that no documents exist." Dkt. No. 24 at 21. Plaintiffs' counsel complained that Defendant's responses to document requests subject to objections, including privilege objections, left them wondering if any responsive documents existed in Defendant's possession, custody, or control and were being withheld. Much of the Court's discussions with Defendant's counsel at the July 17, 2014 hearing then involved confirming whether Defendant was withholding from production to Plaintiffs any documents responsive to specific document requests based on Defendant's objections. *See, e.g.*, Dkt. No. 45 at 17-18, 19, **[**53]** 20, 21, 26, 27-28, 31-32, 33, 49-50, 54, 57-60, 62-63, 69-70.

The Court believes that the following is a correct statement of how to properly respond to discovery requests:

   • A party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.

   • "In responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, *Fed. R. Civ. P. 26(g)(1)*, the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Atcherley v. Clark, No. 1:12cv00225 LJO DLB (PC), 2014 U.S. Dist. LEXIS 131188, 2014 WL 4660842, at *1 (E.D. Cal. Sept. 17, 2014)* (citation omitted); *accord Kennedy v. Baldwin, No. 2:11-cv-604-DN-EJF, 2014 U.S. Dist. LEXIS 17306, 2014 WL 549529, at *2 (D. Utah Feb. 11, 2014)* ("If no other responsive documents exist, [the responding party should have stated as much in its response.") (citing case **[**54]**

holding that it is improper to assert boilerplate objections to discovery requests when there are no documents responsive to the request); *Cartel, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at \*14* ("It is well-settled that a responding party's obligations under *Rule 34* do not extend to non-existent materials.") (citing cases regarding *Rule 34*'s not requiring a responding party to create new or nonexistent documents).

• "If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response." *Atcherley, 2014 U.S. Dist. LEXIS 131188, 2014 WL [\*486] 4660842, at \*1* (citation omitted); *accord XL Specialty Ins. Co. V. Bollinger Shipyards, Inc., Civ. A. No. 12-2071, 2014 U.S. Dist. LEXIS 70365, 2014 WL 2155242, at \*2 (E.D. La. May 22, 2014)* ("A party need not produce documents or tangible things that are not ... within its control. In the face of a denial by a party that it has possession, custody or control of documents, the [requesting] party must make an adequate showing to overcome this assertion." (internal quotation marks and citations omitted)); *Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992)* ("With respect to Request Nos. 33 and 34, Mr. Gray apparently does not believe defendants' claims that the documentation requested in these items is non-existent or as minimal as defendants have indicated. [\*\*55]** The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect. Should it later appear that requested information was not revealed or was deliberately concealed, a responding party or attorney would be subject to appropriate sanctions.").

• To comply with the requirements to support withholding any responsive document or information as privileged or protected work product, a privilege log or equivalent document complying with *Federal Rule of Civil Procedure 26(b)(5)(A)*'s requirements must be produced for any documents, communications, or other materials withheld from production on the grounds of attorney-client privilege, work product, or other privilege, immunity,

or protection. *See Fed. R. Civ. P. 26(b)(5)*; *see also In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001)* (holding that the "party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability").

Accordingly, a party may properly raise and preserve an objection to production of documents in response to a specific document request or interrogatory by objecting "to the extent" that the requests seeks privileged materials **[\*\*56]** or work product, so long as the responding party also provides the information required by *Rule 26(b)(5)(A)*.

After considering all of the particular circumstances here, the Court finds that no sanction is warranted or required under *Rule 26(g)(3)* based on Defendant's counsel's certifying the privilege and work product objections to Plaintiffs' discovery requests and later serving a privilege log. *See* Dkt. No. 24-1; Dkt. No. 24-4; Dkt. No. 24-5.

## Defendant's responses made "subject to and without waiving" its objections

Defendant responded to almost all of Plaintiffs' document requests and interrogatories "[s]ubject to and without waiving its general and specific objections." Dkt. No. 24-1; Dkt. No. 24-4; Dkt. No. 24-5. Plaintiffs do not explicitly raise this manner of responding as a basis for sanctions, and the Court, like many other judges, "recognizes that it has become common practice among many practitioners to respond to discovery requests by asserting objections and then answering 'subject to' or 'without waiving' their objections." *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC, Nos. 11-2684-JWL, 11-2685-JWL, & 11-2686-JWL, 2014 U.S. Dist. LEXIS 16938, 2014 WL 545544, at \*2 (D. Kan. Feb. 11, 2014)*.

But, while not a basis for sanctions in this instance, this practice should **[\*\*57]** not escape comment and is inextricably intertwined with the related practice of raising boilerplate objections without the specificity that the Federal Rules require and about which Plaintiffs do complain. The practice of asserting objections and then answering "subject **[\*487]** to" and/or "without waiving" the objections — like the practice of including a stand-alone list of general or blanket objections that precede any responses to specific discovery requests — may have developed as a reflexive habit passed on from one attorney to another without any attorney giving serious

thought or reflection as to what this manner of responding means or could hope to accomplish as to a particular discovery request.

Having reflected on it, the Court agrees with judges in this circuit and other jurisdictions that the practice of responding to interrogatories and documents requests "subject to" and/or "without waiving" objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Id.* (internal quotation marks omitted). As another court has observed, when a party "respond[s] to [a] discovery request, subject to or without waiving such objection," **[**58]** "[s]uch objection and answer ... leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc., No. 08-21085-CIV, 2008 U.S. Dist. LEXIS 80465, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008)*; *accord Rowell v. NCO Fin. Sys., Inc., No. 13-2514-CM, 2014 U.S. Dist. LEXIS 70095, 2014 WL 2154422, at *1 (D. Kan. May 22, 2014)* ("As evidenced by the parties' briefs, such practice leaves the requesting party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered." (internal quotation marks omitted)); *Tomlinson v. Combined Underwriters Life Ins. Co., No. 08-CV-259-TCK-FHM, 2008 U.S. Dist. LEXIS 82192, 2008 WL 4601578, at *1 (N.D. Okla. Oct. 16, 2008)* ("Furthermore, when discovery responses are provided 'subject to' boilerplate objections without regard to the applicability of those objections, it is unclear whether the discovery request has received a complete response."). And this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be.

The Court concludes that, outside of the privilege and work product context as discussed above, responding to a document request or interrogatory "subject to" and "without waiving" objections **[**59]** is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. The governing Federal Rules themselves prohibit — and make clear the problem with — this practice. *Rule 33(b)(3)* requires that the responding party must answer each interrogatory "to the extent it is not objected to." *Fed. R. Civ. P. 33(b)(3)*. Similarly, *Rule 34(b)(2)(B)* requires that a response to a document request "must

either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons," and *Rule 34(b)(2)(C)* requires that "[a]n objection to part of a [document] request must specify the part and permit inspection of the rest." *Fed. R. Civ. P. 34(b)(2)(B)*, *(C)*. *Rule 34(b)* "is structured in this way so that, in combination with [*Rule 26(g)(1)*], both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made." *Evans v. United Fire & Cas. Ins. Co., Civ. A. No. 06-6783, 2007 U.S. Dist. LEXIS 58578, 2007 WL 2323363, at *2 (E.D. La. Aug. 9, 2007)* (emphasis in original). *Rule 33(b)(3)* does the same for interrogatory responses.

Accordingly, a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable. As discussed **[**60]** above, the Federal Rules dictate that a responding party must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why. But if the request is truly objectionable — that is, the information or documents sought are not properly discoverable under the Federal Rules — the responding party should stand on an objection so far as it goes.

Otherwise, as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made. To make such an objection in the face of these considerations is to engage in the "abusive practice of objecting to discovery requests reflexively — but not reflectively — and without a factual [or legal] basis" that *Rule 26(g)* was enacted to stop. *Mancia, 253 F.R.D. at 358*.

If a responding party makes such an objection but answers or responds "subject to" and "without waiving" the objection, "[s]uch objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court." *Consumer Electronics, 2008 U.S. Dist. LEXIS 80465, 2008 WL 4327253, at *3*. Some of the reasons for this have been explained by another court:

> **[*488]** [I]f an objection to a discovery request is raised, **[**61]** and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection. Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward

Case 3:19-cv-00577-S    Document 84-1    Filed 07/02/21    Page 39 of 46    PageID 801
ADMINISTRATIVE'S MOTION FOR EXCLUSION OR ADVERSE CURE AND MOTION TO COMPEL

303 F.R.D. 466, *488; 2014 U.S. Dist. LEXIS 159240, **61
Page 18 of 25

question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer. First, the rules do not on their face give a party that option. _Rule 33_, relating to interrogatories, states: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." _Fed. R. Civ. P. 33(b)(3)_ (emphasis added). Similarly, _Rule 34(b)(2)_, relating to RFPs, provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and permit inspection of the rest. _Rule 36(a)_, relating to requests for admission, contains substantially the same language. Thus, a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices.

_Mann v. Island Resorts Dev., Inc., No. 3:08cv297/RS/EMT, 2009 U.S. Dist. LEXIS 130436, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009)_. **[**62]** The court further explained that,

[s]econd, although the practice is common, the only reported decision this court has found that directly addresses the issue is _Meese v. Eaton Mfg. Co.,, 35 F.R.D. 162, 166 (N.D. Ohio 1964)_, which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." _See also_, Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection."

_Id._ Finally, the court observed that,

[t]hird, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. What this response really says is that counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. In this court, however, no objections are "reserved" under the rules; they are either raised or they are waived.

_Id.; see also Sherwin-Williams Co. v. JB Collision Servs., Inc., Nos. 13-CV-1946-LAB (WVG) & 13-CV-1947-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2-*3 (S.D. Cal. July 9, 2014)_; _Estridge_

_v. Target Corp., No. 11-61490-CIV, 2012 U.S. Dist. LEXIS 21593, 2012 WL 527051, at *2 (S.D. Fla. Feb. 16, 2012)_.

Accordingly, for example, if part or all of an interrogatory is allegedly vague and ambiguous, **[**63]** the responding party, to comply with the Federal Rules, must, if possible, explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding. _See generally Cartel, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at *10_; _McCoo, 192 F.R.D. at 694_. If an entire interrogatory or document request is truly so vague and ambiguous that the responding party cannot understand its meaning and what information it seeks, the party should stand on its objection and provide no answer at all or promise no production of responsive documents on the ground that the responding party simply cannot do so based on the discovery request's wording. But making an objection to a request as vague and ambiguous, without more, and then fully answering the interrogatory or promising production of all documents responsive to the request "subject to" the vagueness and ambiguity objection betrays that the objection was made reflexively and without a factual basis.

A similar analysis applies to an objection to a request as being overbroad in its scope or as imposing an undue burden on the responding party to answer or respond. If a discovery request is overbroad, the responding party must, to comply with _Rule 33_ or _Rule 34_, explain the **[**64]** extent to which it is overbroad and answer or respond to the extent that it is not — and explain the scope of what the responding party is answering or responding to. _See Consumer Electronics, 2008 U.S. Dist. LEXIS 80465, 2008 WL 4327253, at *2_ ("If there is an **[*489]** objection based upon an unduly broad scope, such as time frame or geographic location, discovery should be provided as to those matters within the scope which is not disputed. For example, if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida."). Similarly, if answering or responding to a discovery request would impose an undue burden, the responding party must, as discussed below, properly substantiate that assertion and then should only answer or respond to the part or extent, if any, of the request that would not involve an undue burden. _See generally Cartel, 2010 U.S. Dist. LEXIS_

17857, 2010 WL 502721, at *15 ("The discovery process necessarily imposes burdens on a responding party.... The question, however, is whether the discovery unduly burdens...." (internal quotation marks and citation omitted)). [**65] But again, fully responding to or answering — or, without further explanation, responding to or answering "subject to" objections — an allegedly overbroad or unduly burdensome discovery request simply reflects a problem with those objections and not with the request itself. See generally Aikens v. Deluxe Fin. Servs., Inc., 217 F.R.D. 533, 538-39 (D. Kan. 2003).

Another related practice is a party's making an objection that is not directed to the discovery of the information or documents under Federal Rule of Civil Procedure 26(b) but rather to the information's or document's admissibility at trial or on summary judgment. The United States Supreme Court has recognized that the discovery rules "are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. That a requested document or information will not be admissible or relevant to the merits of a claim or defense is not a proper objection to discovery of the document or information under the Federal Rules if the discovery request is reasonably calculated to [**66] lead to the discovery of admissible evidence. See McLeod, 894 F.2d at 1484-85.

Similarly, a party cannot refuse to produce a requested document or information simply because it is relevant to a claim or defense on which the producing party believes that it will prevail. See Third Pentacle, LLC v. Interactive Life Forms, LLC, No. 3:10cv00238, 2012 U.S. Dist. LEXIS 1391, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief — whether ultimately justified or not — provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure").

Correspondingly, producing a document or information that falls within Rule 26(b)'s broad scope does not waive or affect, at trial or on summary judgment, an objection to the document's or information's admissibility, including based on relevance, under the Federal Rules

of Evidence or Federal Rule of Civil Procedure 56. Neither does production affect or undermine the responding party's position on the merits of the claim or defense as to which, under the Rule 26(b)'s broad standard, the document or information is discoverable.

Accordingly, if a discovery request otherwise complies with Rule 26(b)'s standards for what is discoverable, there is no reason [**67] or need to raise an objection to a discovery request based on the merits of a claim or defense or to the requested document's or information's ultimate relevance or admissibility at trial or on summary judgment and to then respond or answer to the request "subject to" that objection. But, if all or part of a discovery request seeks documents or information not even reasonably calculated to lead to the discovery of admissible evidence, the responding party should make a specific objection explaining how and to what extent the requested documents or information are not relevant and discoverable under the Rule 26(b) standard and stand on that objection as [*490] to the portion of the request that is so objectionable while specifically describing the portion, if any, of the request to which the responding party is answering or producing documents. See McLeod, 894 F.2d at 1485.

In light of the relative sparsity of case law in this circuit on responding to discovery requests "subject to" and "without waiving" objections and of Plaintiffs' not raising this as a ground for sanctions, the Court finds that Rule 26(g)(3) sanctions are not warranted in this instance for Defendant's responding to many of the discovery requests "[s]ubject to and without waiving [**68] its general and specific objections." See Dkt. No. 24-1; Dkt. No. 24-4; Dkt. No. 24-5. These responses subject to objections were not, at the time that Defendant's counsel certified the responses, so clearly objectively unreasonable under existing law in this jurisdiction as to find that Defendant's counsel's Rule 26(g)(1) certification was not substantially justified at that time. But counsel are warned that that may not be true going forward.

## Defendant's undue burden and overbreadth objections

As the Court noted above, Defendant raised undue burden and overbreadth objections to many of Plaintiffs' document requests and interrogatories. See Dkt. No. 24-1; Dkt. No. 24-4; Dkt. No. 24-5. Plaintiffs report that, in response to their First Set of Requests for Production, "Defendant interposed the ... overbroad ... objection in 32 instances — raising this objection to every Request

excepting Request Nos. 15, 16 and 25" — and "interposed the unduly burdensome objection in 31 instances, to every Request excepting Request Nos. 1, 15, 16 and 25." Dkt. No. 24 at 5-6. Defendant's undue burden and overbreadth objections in response to Plaintiffs' Second Set of Requests for Production and Plaintiffs' First Set **[**69]** of Requests for Interrogatories to Defendant City of Dallas, *see* Dkt. No. 24-4; Dkt. No. 24-5, often provided some, minimal explanation for the objection. But Defendant did not do so for the same objections raised in almost every document request in Plaintiffs' First Set of Requests for Production, *see* Dkt. No. 24-1.

By the time of Defendant's response to Plaintiffs' Motion to Compel Discovery Responses and Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and then the July 17, 2014 hearing on that motion, Defendant did not press any overbreadth or undue burden objection to most requests, including most of the objected-to documents requests in Plaintiffs' First Set of Requests for Production, other than the undue burden objections to Plaintiffs' First Set of Requests for Production Nos. 6, 7, and 8. *See* Dkt. No. 33; Dkt. No. 45. And, as the Court observed at the July 17, 2014 hearing, as to those discovery requests on which Defendant relied on an undue burden and overbreadth objection, Defendant produced no actual evidence to support their undue burden or overbreadth objections, *see* Dkt. No. 45 at 33, 99 — at least not until Defendant filed its Supplemental Response to Plaintiffs' Motion to **[**70]** Compel Compliance with Court's Previous Order Compelling Discovery And Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 47] on October 15, 2014, *see* Dkt. No. 47-2.

A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive. *See McLeod, 894 F.2d at 1485*. This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005)*; *accord S.E.C. v. Brady, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006)*. Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate. *See McLeod, 894 F.2d at 1484-86*; *Merrill, 227 F.R.D. at 477*. And another court has observed that "[i]t would be difficult to dispute the notion that the very act of making such boilerplate objections is *prima facie* evidence of a *Rule 26(g)* violation, because if the lawyer had paused,

made a reasonable inquiry, and discovered facts that demonstrated the burdensomeness or excessive cost of the discovery request, he or she should have disclosed them in the objection, as both *Rule 33* and *34* responses must state **[**491]** objections with particularity, on pain of waiver." *Mancia, 253 F.R.D. at 359*.

Defendant opposes Plaintiffs' sanctions requests by **[**71]** arguing that, "[w]here the City has objected to certain requests as unduly burdensome and overly broad, it has explained in writing and through multiple verbal conferences its reason for those objections." Dkt. No. 33 at 12; *see also* Dkt. No. 43 at 10. For the reasons explained above, the Court cannot and does not accept that position. As to almost every discovery request that Defendant objected was unduly burdensome and overbroad, particularly in Plaintiffs' First Set of Requests for Production, the Court adopts the findings and conclusions of another court faced with similar objections: "Despite this District's well established authority on the level of detail needed to support an undue burden objection, [Defendant] did not submit an affidavit or otherwise attempt to describe how the discovery requests were unduly burdensome in terms of time, expense, or procedure. In short, [Defendant] provided the Court with no information about the burden involved in responding to these discovery requests." *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P., No. 09-2656-KHV, 2010 U.S. Dist. LEXIS 126390, 2010 WL 4942110, at *2 (D. Kan. Nov. 30, 2010)*.

The circumstances here lead the Court to find that Defendant's undue burden and overbreadth objections, at least in response to most **[**72]** of the requests in Plaintiffs' First Set of Requests for Production, were simply boilerplate objections made without Defendant's counsel's pausing and considering whether, based on a reasonable inquiry, there is a factual basis for an objection. Although Defendant's response briefs and arguments at the hearing provided some factual detail applicable to the undue burden objections to a few document requests in Plaintiffs' First Set of Requests for Production — specifically, Plaintiffs' First Set of Requests for Production Nos. 6, 7, and 8 — Defendant has never offered any factual support for its undue burden and overbreadth objections to most of the requests in Plaintiffs' First Set of Requests for Production. And, as such, there is no basis to find that Defendant's undue burden and overbreadth objections to most of the document requests in Plaintiffs' First Set of Requests for Production — other than the undue

burden objections to Plaintiffs' First Set of Requests for Production Nos. 6, 7, and 8 — was substantially justified. "On the contrary, [Defendant's] reliance on what amounted to a boilerplate objection was not reasonable." *Id.*

The Court finds that Defendant's counsel's certification **[\*\*73]** of Defendant's undue burden and overbreadth objections to the document requests in Plaintiffs' First Set of Requests for Production, other than Defendant's undue burden objections to Plaintiffs' First Set of Requests for Production Nos. 6, 7, and 8, *see* Dkt. No. 24-1, violated *Rule 26(g)(1)* in a manner that reflected a lack of reasonable inquiry and that was not substantially justified. This requires the Court to impose an appropriate sanction under *Rule 26(g)(3)*.

Defendant's objections to Plaintiffs' discovery requests as vague and ambiguous

Defendant objected to most of Plaintiffs' document requests as vague and ambiguous. *See* Dkt. No. 24-1; Dkt. No. 24-5. Plaintiffs report that, in response to their First Set of Requests for Production, "Defendant interposed the vague ... and ambiguous objection in 32 instances — raising this objection to every Request excepting Request Nos. 15, 16 and 25." Dkt. No. 24 at 5.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *McCoo, 192 F.R.D. at 694*. "A party objecting on these grounds must explain the specific and particular way in which a request is vague." *Consumer Electronics, 2008 U.S. Dist. LEXIS 80465, 2008 WL 4327253, at \*2*. The responding party "should exercise reason and common sense to attribute ordinary **[\*\*74]** definitions to terms and phrases utilized in interrogatories. If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." *McCoo, 192 F.R.D. at 694* (internal quotation marks and citations omitted); *accord Cartel, 2010 U.S. Dist. LEXIS 17857, 2010 WL 502721, at \*10* ("Discovery requests must be given a reasonable construction, and a responding party is not permitted to conjure up ambiguity where there is none.").

**[\*492]** Further, "[i]f a party believes that the request is vague, that party [should] attempt to obtain clarification prior to objecting on this ground." *Consumer Electronics, 2008 U.S. Dist. LEXIS 80465, 2008 WL 4327253, at \*2*;

*accord Tomlinson, 2008 U.S. Dist. LEXIS 82192, 2008 WL 4601578, at \*1* ("In addition, because objections to the wording of a discovery request are usually resolved by phone calls or meetings between counsel, the objection that a discovery request is vague or ambiguous calls into question whether the required meet and confer was conducted in good faith."); *see generally Dondi, 121 F.R.D. at 289-90* ("*Local Rule 5.1(a)* implicitly recognizes that in general the rules dealing with discovery in federal cases are to be self-executing. The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought. With increased **[\*\*75]** frequency I observe instances in which discovery disputes are resolved by the affected parties after a hearing has been set — sometimes within minutes before the hearing is to commence. If disputes can be resolved after motions have been filed, it follows that in all but the most extraordinary circumstances, they could have been resolved in the course of *Rule 5.1(a)* conferences."); *MMAR Group, Inc. v. Dow Jones & Co., Inc., 187 F.R.D. 282, 290 (S.D. Tex. 1999)* (noting "this Court's practice to encourage parties to cooperate at every stage of the pretrial discovery process and to make liberal, voluntary productions of evidence and other tangible items that may lead to the discovery of evidence"); *Alvarez v. Wallace, 107 F.R.D. 658, 659 (W.D. Tex. 1985)* ("With respect to the discovery process, [c]ooperation among counsel is not only helpful, but required, and the court has a duty to insure that cooperation is forthcoming." (internal quotation marks omitted)).

Defendant's vague and ambiguous objections in response to Plaintiffs' Second Set of Requests for Production, *see* Dkt. No. 24-5, often provided some, minimal explanation for the objection. But Defendant failed to do so as to the same objections raised to almost every document request in Plaintiffs' First Set of Requests for Production. *See* Dkt. No. 24-1. And, by the time of Defendant's **[\*\*76]** response to Plaintiffs' Motion to Compel Discovery Responses and Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and then the July 17, 2014 hearing on that motion, Defendant did not rely on any vague or ambiguous objections except as to a few discovery requests. *See* Dkt. No. 33; Dkt. No. 45 at 18, 19, 124-25.

The Court has reviewed Plaintiffs' objected-to document requests. Overwhelmingly, they are not vague and ambiguous and certainly are not so vague or ambiguous

as to be incapable of reasonable interpretation and to prohibit Plaintiffs' responses. At least as to Defendant's vague and ambiguous objections to most of the requests in Plaintiffs' First Set of Requests for Production, Defendant's objections included no explanation for the specific and particular way in which a particular request's wording was vague or ambiguous, and the circumstances here lead the Court to find that Defendant's vague and ambiguous objections, at least in response to the requests in Plaintiffs' First Set of Requests for Production, were made without Defendant's counsel's pausing and considering whether, based on a reasonable inquiry, there is a factual basis for an objection. And, based on a review of the many [**77] document requests in Plaintiffs' First Set of Requests for Production to which these objections were raised, the Court finds that these were simply boilerplate objections for which there was no substantial justification.

As such, Defendant's counsel's certification of Defendant's vague and ambiguous objections to the document requests in Plaintiffs' First Set of Requests for Production, *see* Dkt. No. 24-1, violated *Rule 26(g)(1)* in a manner that reflected a lack of reasonable inquiry and that was not substantially justified. This requires the Court to impose an appropriate sanction under *Rule 26(g)(3)*.

<u>Defendant's objections to interrogatories as better addressed by deposition testimony</u>

Defendant objected to several of Plaintiff's Interrogatories on the basis that the subject matter would be "more appropriately addressed by way of deposition testimony." *E.g.*, Dkt. No. 24-4 at 5, 11, 12, 13, 15. Plaintiffs contend that these are not proper **[*493]** objections based on *Federal Rule of Civil Procedure 26*. *See* Dkt. No. 24 at 10.

*Rule 26(d)* provides that "[a] party may not seek discovery from any source before the parties have conferred as required by *Rule 26(f)*, except in a proceeding exempted from initial disclosure under *Rule 26(a)(1)(B)*, or when authorized by these rules, by stipulation, or **[**78]** by court order," and that, once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as required by *Rule 26(f)* required, "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its

discovery." *Fed. R. Civ. P. 26(d)(1)-(2)*.

*Rule 26(d)* generally governs the sequencing of discovery unless the Court enters a protective order under *Rule 26(c)* or another order governing the sequence of conducting discovery under *Federal Rule of Civil Procedure 16(b)* or *26(d)* or the parties make a stipulation under *Federal Rule of Civil Procedure 29*. Absent a court order providing otherwise or a binding stipulation, *Rule 26(d)(2)(A)* generally dictates that Plaintiffs may seek information through an interrogatory even if Defendant believes the subject matter would be better explored through a deposition. *Cf.* *Southern Filter Media, LLC v. Halter, Civ. A. No. 13-116-JJB-RLB, 2014 U.S. Dist. LEXIS 22752, 2014 WL 715727, at *3 (M.D. La. Feb. 21, 2014); Archie v. Frank Cockrell Body Shop, Inc., Civ. A. No. 12-0046-CG-M, 2012 U.S. Dist. LEXIS 133129, 2012 WL 4211080, at *2 n.2 (S.D. Ala. Sept. 17, 2012)* ("A litigant may not treat a set of interrogatories like an a la carte menu and determine for itself which requests to honor and which to ignore.").

But, while, as a general matter, under *Rule 26*, a party [**79] may seek discovery through any permitted method in any sequence, as the Court noted at the July 17, 2014 hearing, "there's certainly case law where there are some kinds of contention interrogatories where courts have felt that, in their discretion, they could say it ought to be a deposition instead, like a 30(b)(6) deposition." Dkt. No. 45 at 107; *see also, e.g., IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321 (D. Kan. 1998)* (sustaining objections to contention interrogatories where "[o]ther discovery procedures, such as depositions and production of documents, better address whatever need there be for [any] kind of [requested] secondary detail").

In light of that authority, the Court cannot say that Defendant's objections based on its assertion that a subject is "more appropriately addressed by way of deposition testimony" were made in violation of *Rule 26(g)(1)* or, even if they were, were not substantially justified. Accordingly, under the particular circumstances here, the Court finds that no sanction is warranted or required under *Rule 26(g)(3)* based on Defendant's counsel's certifying these objections to Plaintiffs' First Set of Interrogatories to Defendant City of Dallas. *See* Dkt. No. 24-4.

<u>An appropriate sanction</u>

Plaintiffs' counsel observed at the July 17, 2014

Case 3:19-cv-00577-S   Document 84-1   Filed 07/02/21   Page 44 of 46   PageID 806
Page 23 of 25

303 F.R.D. 466, *493; 2014 U.S. Dist. LEXIS 159240, **79

hearing [**80] that counsel understands that "the Court is very loath to impose sanctions on attorneys" and that "sanctions are a very difficult thing for judges to determine whether to employ." Dkt. 45 at 133-34, 135. In fact, the Court takes no pleasure in imposing sanctions on, or making an example of, any attorney or litigant. But neither will the Court — nor can or should it — ignore what is clearly presented to it where "*Rule 26(g)* makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). And, as another court has aptly observed, "[t]he costs associated with adversarial conduct in discovery have become a serious burden not only on the parties but on this Court as well." *Gipson v. Sw. Bell Tel. Co., Civ. A. No. 08-2017-EFM-DJW, 2009 U.S. Dist. LEXIS 25457, 2009 WL 790203, at *21 (D. Kan. Mar. 24, 2009)*, *obj. granted in part & denied in part on other grounds*, *2009 U.S. Dist. LEXIS 25457, 2009 WL 4157948 (D. Kan. Nov. 23, 2009)*.

The undersigned practiced civil litigation, had substantial experience with propounding and responding to discovery requests, and understands well the difficulties and challenges involved in both. But that experience only serves to make the Court hopeful that [*494] this opinion will assist counsel conducting discovery in this case and others going forward.

[**81] As explained above, "*Rule 26(g)* imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of *Rules 26 through 37*," and "*Rule 26(g)* is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions." *Fed. R. Civ. P. 26(g)* advisory committee's note (1983). Accordingly, it is generally no defense to a *Rule 26(g)(3)* sanctions request to assert that many litigants and their counsel are similarly conducting themselves in discovery. Rather, that simply highlights the need to call this conduct out when it is presented and to provide a deterrent through a sanction, as the Federal Rules mandate here.

In sum, the Court finds that Defendant's counsel certified objections and an incomplete answer to Plaintiffs' Interrogatory No. 1 and certified Defendant's undue burden, overbreadth, vague, and ambiguous objections to most of the document requests in Plaintiffs' First Set of Requests for Production, *see* Dkt. No. 24-1 at 20-21; Dkt. No. 24-4 at 15-16, and, for the reasons explained above, those certifications (other than as to the undue burden objections to Plaintiffs' First Set of

Requests for Production Nos. 6, 7, and 8) violated *Rule 26(g)(1)* in a manner that reflected a lack of reasonable inquiry and that was not substantially justified. Those *Rule 26(g)* violations require the Court to impose an appropriate sanction under *Rule 26(g)(3)*.

In the face of *Rule 26(g)*'s purposes and mandates, Defendant opposes Plaintiffs' sanctions requests because the fact "[t]hat the parties disagree over the discovery produced thus far is not cause for [**82] issuing sanctions"; because Defendant's "attorneys have also felt frustrated in its dealings with three separate Plaintiffs' counsel, none of whom practice together or in the same office, and who seemed to assert different positions over various issues, but "the City has not accused them of acting in bad faith"; because "[r]easonable attorneys should be able to disagree without disparaging the opposing counsel"; and because "Plaintiffs have not shown any intentional or egregious conduct that would warrant the imposition of any sanctions against the City"; and because "Plaintiffs have not shown any conduct on the part of the City that would warrant the imposition of any sanctions against the City." Dkt. No. 33 at 14; Dkt. No. 43 at 12.

The Court cannot agree. The facts that Defendant's counsel is frustrated with Plaintiffs' counsel, that some of Defendant's objections to some of Plaintiffs' discovery requests were sustained, and that some of the discovery disputes in this case may be characterized as reasonable disagreements between counsel do not change or undermine the Court's finding that Defendant's counsel's certifications of certain discovery responses and objections, as described above, were [**83] made, at the least, apparently without the required reasonable inquiry and violated *Rule 26(g)(1)* without substantial justification. And that finding requires that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." *Fed. R. Civ. P. 26(g)(3)*.

Here, because this Court has not previously warned counsel that *Rule 26(g)* will be more rigorously enforced, and to deter future violations by any counsel in this case, the Court finds that the sanction should be imposed on the party and not the specific attorney or attorneys who signed the discovery responses and objections.

The Court, in an exercise of its discretion in light of the particular circumstances in this case, will sanction Defendant City of Dallas by requiring it to pay Plaintiffs Paul Heller, Diane Baker, Mavis Belisle, Deborah

Beltran, Leslie Harris, and Gary Staurd, jointly and severally, their reasonable attorneys' fees incurred in connection with opposing Defendant's vague, ambiguous, overbreadth, and undue burden objections to Plaintiffs' First Set of Requests for Production (other than Defendant's undue burden objections to Plaintiffs' First Set of Requests for Production Nos. 6, 7, and 8) **[**84]** and seeking full responses to Plaintiffs' discovery requests in Plaintiffs' First Set of Requests for Production in the face of those objections and in **[*495]** connection with seeking a complete answer to Plaintiffs' Interrogatory No. 1. This award of fees includes the attorneys' fees incurred in evaluating (including in conferences among Plaintiffs' counsel) these particular objections and responses and, as to these particular objections and responses, in preparing Plaintiffs' motions to compel, participating in conferences with Defendant's counsel, and preparing for and participating in the July 17, 2014 hearing. But the award does not include any fees that Plaintiffs incurred prior to Defendant's serving its objections and responses, including in connection with Plaintiffs' counsel's preparing and propounding the document requests and interrogatories.

Further, as part of the *Rule 26(g)(3)* sanctions, the Court will order Defendant City of Dallas to require that every attorney who represents the City of Dallas in litigation in federal court receive and review a copy of this Memorandum Opinion and Order on Discovery Sanctions.

The Court also endorses another court's observation in resolving a *Rule 26(g)* sanctions **[**85]** matter: "To avoid further and more substantial sanctions, the Court strongly encourages counsel, when conducting further discovery in this case, to pause and consider the reasonableness of their discovery requests, responses, or objections before serving them and to take all steps necessary to ensure that the requests and responses comply with *Rule 26(g)* standards. The Court will not hesitate to impose substantial *Rule 26(g)* sanctions" — including on the signing attorney — "if it finds further violations of the Rule." *Anderson v. United Parcel Service, Inc., Civ. A. No. 09-2526-KHV-DJW, 2010 U.S. Dist. LEXIS 123878, 2010 WL 4822564, at *14 (D. Kan. Nov. 22, 2010)*.

## Conclusion

Plaintiffs' requests for sanctions [Dkt. Nos. 23 & 42] are GRANTED in part and DENIED in part.

The Court, under *Federal Rule of Civil Procedure 26(g)(3)*, imposes the following sanctions on Defendant City of Dallas:

> 1. Defendant City of Dallas must pay Plaintiffs Paul Heller, Diane Baker, Mavis Belisle, Deborah Beltran, Leslie Harris, and Gary Staurd, jointly and severally, their reasonable attorneys' fees incurred (as described above) in connection with opposing Defendant's vague, ambiguous, overbreadth, and undue burden objections to Plaintiffs' First Set of Requests for Production (other than Defendant's undue burden objections to Plaintiffs' First Set of **[**86]** Requests for Production Nos. 6, 7, and 8) and seeking full responses to Plaintiffs' discovery requests in Plaintiffs' First Set of Requests for Production in the face of those objections and in connection with seeking a complete answer to Plaintiffs' Interrogatory No. 1; and
> 2. Defendant City of Dallas is ordered to require that every attorney who represents the City of Dallas in litigation in federal court receive and review a copy of this Memorandum Opinion and Order on Discovery Sanctions.

Plaintiffs may file an application for their reasonable attorneys' fees as described above. But *Local Civil Rule 7.1* requires that parties confer before filing an application for attorneys' fees. Plaintiffs' counsel and Defendant's counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees awarded as *Rule 26(g)(3)* sanction. This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed in this Memorandum Opinion and Order on Discovery Sanctions will be subject to sanctions. By no later than **December 10, 2014**, the parties must file a joint status report notifying the Court of the results **[**87]** of the conference. If all disputed issues as to the amount of fees to be awarded to Plaintiffs have been resolved, Plaintiffs must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov.

If the parties do not reach an agreement as to the amount of fees to be awarded to Plaintiffs, Plaintiffs may, by no later than **December 17, 2014**, file an application for attorneys' fees that is accompanied by supporting evidence establishing the amount of the attorneys' fees (as described above) to be awarded as *Rule 26(g)(3)* sanction. The fee application must be supported by documentation **[*496]** evidencing the "lodestar" calculation, including affidavits and billing

Case 3:19-cv-00577-S   Document 84-1   Filed 07/02/21   Page 46 of 46   PageID 898

Page 25 of 25

303 F.R.D. 466, *496; 2014 U.S. Dist. LEXIS 159240, **87

records, and citations to relevant authorities and shall set forth the number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah, 285 F.3d 357, 367 (5th Cir. 2002)* (using the "lodestar" method to award attorney's fees under *Rule 37*). If an application is filed, Defendant may file a response by **January 16, 2015**, and Plaintiffs may file a reply by **February 2, 2015**.

Plaintiffs' Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 23] and Plaintiffs' Renewed Request for Sanctions Under *Fed. R. Civ. P. 26(g)* [Dkt. No. 42] are otherwise **[**88]** denied.

SO ORDERED.

DATED: November 12, 2014

/s/ David L. Horan

DAVID L. HORAN

UNITED STATES MAGISTRATE JUDGE

---

End of Document